(55 South. 664.)

No. 18,814.

STATE v. BARILLEAU.

(May 8, 1911. Rehearing Denied June 26, 1911.)

*(Syllabus by the Court.)*

1. MARRIAGE (§ 64*)—FAILURE TO SUPPORT— ENFORCEMENT OF RIGHT.

In a suit brought by a husband to have the marriage declared a nullity, the wife cannot proceed by a rule therein to compel the husband to support their child, but is relegated to the remedy provided by Act No. 34 of 1902.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 136; Dec. Dig. § 64.*]

2. PARENT AND CHILD (§ 17*)—FAILURE TO SUPPORT — JURISDICTION OF JUVENILE COURT.

Proceedings under Act No. 34 of 1902, to compel the father to support his child, are in the nature of criminal proceedings, over which the juvenile court has jurisdiction.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 176–181; Dec. Dig. § 17.*]

Appeal from Juvenile Court, Parish of Orleans; A. H. Wilson, Judge.

· Oran Barilleau was convicted of failure to support an infant child, and appeals. Affirmed.

Henry B. McMurray, Jr., for appellant. St. Clair Adams, Dist. Atty., and A. D. Henriques, Asst. Dist. Atty., for the State.

BREAUX, C. J. An affidavit, dated the 24th day of March, 1911, by defendant's wife charges defendant with failing to provide for the support of their minor child, an infant less than three months old.

The defendant, through counsel, pleaded that the court was without jurisdiction by reason of the fact that a demand for alimony was pending in the civil district court (parish of Orleans) against defendant, who is plaintiff in a suit against Nanny McNally, affiant, who is his wife.

On the trial of this plea, the court admitted in evidence a copy of defendant's petition, whereby it appears that defendant sued his wife to annul the marriage, on the ground that he married her against his will, while under threats of her brother as to what he (the brother) would do if he did not marry his sister, and while apprehending bodily harm.

The defendant in that suit (who is the affiant here) filed an answer, in which she pleaded, substantially, a general denial.

This suit has not yet been decided.

In February, 1911, in the suit pending in the civil district court, Mrs. Barilleau, the affiant here, sued out a rule on defendant, her husband, to show cause why she should not recover alimony in the sum of $75 per month for the maintenance of herself and child.

The rule was tried in the district court and dismissed on the 14th day of March, 1911, on the ground that the suit in which this rule was filed was not for separation from bed and board, nor for a divorce; that alimony is recoverable only in such suits.

As noted above, about 10 days after the discharge of this rule, Mrs. Barilleau filed the affidavit which is now before us, alleging that their child has been abandoned by the husband, and that she is in destitute circumstances.

The pleadings in the juvenile court were to compel the husband to support the child; it is not a suit to compel him to support wife and child.

The juvenile court heard evidence on the merits, and fined Barilleau in the sum of $100, and in default of payment to incarceration for 12 months.

(I)

[1] The question of jurisdiction on the ground that the demand is one over which the civil district court has jurisdiction, and not the juvenile court, is the first before us for decision.

We have already stated that the suit brought in the civil district court was not

for separation from bed and board, nor for divorce, but one brought to have the marriage decreed null.

There is no provision in law authorizing the wife to rule the husband to pay for the support of their child in a suit in which she is sued by the husband to have the marriage annulled.

This is an entirely distinct cause of action, in which no rule for alimony lies.

This would have the effect of confusing issues.

The rule in support of the child is not at all incidental to a suit to annul the marriage on the ground stated.

It is true that, in proceedings for separation from bed and board, or divorce, such a rule lies. Article 148 of the Civil Code.

See, also, article 160.

The decisions cited infra clearly show that alimony is an incident of a suit for separation from bed and board, or for divorce, in this, that it treats alimony exclusively as a right which may arise in such suits.

From these decisions, it cannot for a moment be inferred that alimony is also recoverable in a suit to annul the marriage. Hill v. Hill, 114 La. 44, 38 South. 14; State ex rel. Stuart v. Judge, 50 La. Ann. 559, 23 South. 445; State v. Seghers, 124 La. 115, 49 South. 998.

It is very evident that the terms of neither article above cited, as interpreted by the decisions above cited, includes the demand made here as one which may be instituted in a suit for annulling the marriage.

## (II)

[2] We, therefore, must decide whether or not Mrs. Barilleau, affiant, can recover anything for the maintenance of the child under Act No. 34 of 1902, p. 42; and, also, we shall have to decide whether the juvenile court has jurisdiction to enforce the provisions of the last-cited act upon the subject.

We take up the last proposition (that relating to jurisdiction) first for decision.

Proceedings in the juvenile court, grounded upon abandonment and failure to support a child, are of a criminal nature. The object primarily is to protect the public from the necessity of supporting abandoned and neglected children.

In support of the proposition that this suit is in the nature of a criminal action, see Century Digest, vol. 26, p. 2875, par. 1105 et seq.

As it is not possible to recover alimony in a civil action in the civil district court, it is, we think, possible to compel a defendant to answer charges brought under act 34 of 1902; otherwise, in many cases, the cited act would be practically useless.

## (III)

Having arrived at the conclusion above expressed, we are next to consider whether the judgment of the juvenile court now before us should be reversed on other grounds than that of jurisdiction.

We do not think that we should consider any of the questions presented on this branch of the case, as they are of fact.

But we have no objection to state that the paternity of the child is not questioned.

That the evidence shows that it is abandoned by the father, and that the wife is in necessitous circumstances, so that, if we were to take up the questions of fact, there would be no grounds to reverse the judgment.

There is no question here of the status of persons any further than actually necessary to decide the issues, applying only in this particular case. We go no further, and beyond the immediate issues in this case our decision is not intended to have any effect.

We have made the foregoing statements ex gratia, regarding the facts; for this court does not take jurisdiction of questions of

fact merely when brought up on appeal from the juvenile court. State v. Baurens, 117 La. 138, 41 South. 442.

We do not think that we should pursue the subject further.

The case is one which affords no ground to reverse and set aside the judgment.

For reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is affirmed.