LAND, J.
The defendant was prosecuted under Act 34 of 1902 for the desertion and nonsupport of his wife, a person in destitute and necessitous circumstances.
A month, less one day, after the commencement of the prosecution, in the criminal district court for the parish of Orleans, the defendant filed a suit in the civil district court for said parish, to annul his marriage with his wife, of date September 13, 1913, on the ground that the same was celebrated without his free consent, and that if any consent was given by him, the same was procured by violence and threats.
Defendant then demurred on the ground that the pendency of the suit to annul the marriage stayed the criminal prosecution for desertion and nonsupport “until the legality of the alleged marriage has been determined by the civil district court for the parish of Orleans.”
The respondent judge sustained this contention, and ordered the prosecution to be stayed during the pendency of the suit to annul. Whereupon the district attorney instituted the proceedings now before us.
In State v. Barilleau, 128 La. 1033, 55 *948 South. 664, it was held that a suit by the husband to annul the marriage on the ground of duress did not preclude the wife from claiming alimony for their children under Act No. 34 of 1902. The court further held that alimony is not recoverable in a suit to annul the marriage. In State v. Donzi, 133 La. 925, 63 South. 405, the defendant was prosecuted under Act 34 of 1902, for wife desertion, and this court applied the doctrine of State v. Barilleau, supra, holding that evidence of the pendency of a civil suit to annul the marriage could not be received in the criminal district court.
These two cases hold in effect that a prosecution under Act 34 of 1902 cannot be affected by the pendency of a suit by the husband to annul the marriage. To hold otherwise would enable a recalcitrant husband to evade his obligation to support his wife and children for an indefinite period of time. A marriage celebrated according to law must be treated as valid until annulled by the decree of a competent court in a direct action of nullity.
It is therefore ordered that the order of the respondent judge staying further proceedings in the above entitled case be vacated and set aside, and that he be directed to overrule the demurrer and motion filed therein by the defendant, and to proceed to the trial of the said case according to law.