24 So.2d 617

## STATE v. SMITH.

### No. 37961.

Dec. 10, 1945.

Joseph T. Cawthorn, of Mansfield, and Albert B. Granzin, Jr., of New Orleans, for relator.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Sp. Asst. Atty. Gen., and James P. O'Connor, Dist. Atty., and Geo. M. McCulloch, Asst. Dist. Atty., both of New Orleans, for respondent.

HAWTHORNE, Justice.

Relator, Harold Smith, an adult, charged with the crime of indecent behavior with a juvenile as denounced by Article 81 of Act 43 of 1942 (the Louisiana Criminal Code), was tried in the Juvenile Court for the Parish of Orleans, adjudged guilty, and sentenced to serve three months in the parish prison.

After conviction and sentence, relator filed in the Juvenile Court a motion for a suspensive appeal to the Supreme Court, which was denied. Relator then applied to this court for the issuance of a writ of habeas corpus to be directed to the judge of the Juvenile Court for the Parish of Orleans, to the end that he might be released on bail pending appeal. Upon the showing made by relator, this court issued a rule to show cause, with a stay order, directed to the judge of the Juvenile Court. The judge answered the rule, and the matter is now before us for decision.

Article VII, Section 96, of the Constitution of 1921 of the State of Louisiana, as amended, which established the Juvenile Court for the Parish of Orleans, allows appeals on questions of law and of fact to the Supreme Court from all final judgments rendered in said court, and under this article relator has a right to appeal to this court.

Relator takes the position that the sole question presented in this case is whether or not he is entitled to *bail* pending appeal. On the other hand, respondent judge contends that the only question for our decision is whether or not relator has a right to a *suspensive* appeal from a judgment of the Juvenile Court for the Parish of Orleans. To us this seems to be, in this instance, but one issue, stated in different language; for, if relator is entitled to a suspensive appeal, he is entitled to bail pending such appeal, or, conversely, if he is entitled to bail pending his appeal, in effect he will be granted a suspensive appeal.

Respondent judge, in her answer to the rule issued herein and in brief filed in this court, contends that relator is not entitled to a suspensive appeal because (1) neither a statute nor a constitutional provision granting relator a right to a suspensive appeal exists, and, in the absence of such a statute or constitutional provision, no suspensive appeal lies as a matter of right, and (2) the Legislature has expressly provided in Section 27 of Act 169 of 1944 that an appeal from a judgment of the Juvenile Court for the Parish of Orleans "shall not suspend judgment of such Court."

Section 27 of Act 169 of 1944, an act providing for procedure in the Juvenile Court for the Parish of Orleans, defining the jurisdiction of said court, etc., reads as follows:

"Appeals. Unless and until Section 96 of Article VII of the Constitution of 1921 (as amended) is amended so as to provide for the method of appeal mentioned in the following paragraph, appeals shall lie on questions of law and of fact to the Criminal District Court from all judgments rendered by the Juvenile Court, *but said appeals shall not suspend the judgment of said Court.* The Supreme Court shall have the right to review such judgments of the Criminal District Court by writ of certiorari or re-

view; provided that all appeals in adoption proceedings of children under seventeen years shall lie direct to the Supreme Court.

"Provided, however, that if said Section 96 of Article VII of said Constitution should be amended so as to permit the method of appeal hereinafter mentioned, then from the date such amendment becomes effective, appeals shall lie on question of law and of fact direct to the Supreme Court of the State of Louisiana from all judgments rendered by the Juvenile Court, *but such appeal shall not suspend judgment of such Court,* nor shall it discharge the child involved from the custody of the Juvenile Court or of the person, institution or agency to whose care such child shall have been committed by the Juvenile Court, unless the Supreme Court shall so order." (Italics here and elsewhere are ours.)

Section 96 of Article VII of the Constitution was amended after the adoption of Act 169 of 1944, by amendment adopted on November 7, 1944. Prior to the 1944 amendment, this section and article of the Constitution provided with reference to the Juvenile Court for the Parish of Orleans that "Appeals shall lie on questions of law and of fact to the Criminal District Court from all judgments rendered by the Juvenile Court, *but said appeals shall not suspend the judgment of said court."* That section of Article VII of the Constitution, as amended, now reads as follows: "Appeals shall lie on questions of law and of fact to the Supreme Court of the State of Louisiana from all final judgments rendered by the Juvenile Court, *but such appeal shall not discharge the child to whom said* judgment relates from the custody of the *Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court, unless the Supreme Court shall so order."*

It is to be noted that, prior to the 1944 amendment, the Constitution provided that appeals were on questions of law and of fact to the Criminal District Court from all judgments rendered by the Juvenile Court for the Parish of Orleans, and specially provided that such appeals should not suspend the judgment of said Juvenile Court. However, in the 1944 amendment to the same section and article of the Constitution, the words "but said appeals shall not suspend the judgment of said court" are omitted, and this article now provides that such appeal shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution, or agency, to whose care such child may have been committed by that court, unless the Supreme Court shall so order.

In other words, prior to the 1944 amendment to the Constitution, the Constitution itself provided that appeals to the Criminal District Court from the Juvenile Court for the Parish of Orleans should not suspend the judgment of that court; whereas, since that amendment, the only law providing that such an appeal shall not suspend a judgment of said court is the clause found in the second paragraph of Section 27, Act 169 of 1944, quoted hereinabove, for the words "said appeals shall not suspend the judgment of said court" are, as stated above, omitted from the 1944 amendment to

Article VII, Section 96, of the Constitution. Therefore, if relator is not entitled to a suspensive appeal in this case, such appeal is denied to him by an act of the Legislature and not by any provision of the Constitution, and, if this clause of the 1944 act is not in conflict with any provision of the Constitution itself, then relator is not entitled to relief.

Section 12 of Article I of the Constitution, as amended see Act No. 189 of 1936, provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. All persons shall be bailable by sufficient sureties, except the following: 1. Persons charged with a capital offense, where the proof is evidence on the presumption great. Persons convicted of felonies, provided that where a minimum sentence of less than five years at hard labor is actually imposed, bail shall be allowed pending appeal until final judgment."

█ Relator, an adult charged with a crime denounced by the Criminal Code, has been found guilty of a criminal offense, which is punishable by fine or imprisonment at the discretion of the court. Article I of the Constitution is the "Bill of Rights", and Section 12 of said article provides that all persons charged with crimes are bailable except, first, persons charged with capital crimes where the proof is evident or the presumption great, and, second, persons convicted of felonies and sentenced to a term of five years or more at hard labor. Relator, who has been sentenced by the Juvenile Court in this case to serve a term of imprisonment in the parish prison for a pe-

riod of three months, and who has a right of appeal to this court by a special provision of the Constitution (Article VII, Section 96, as amended on November 7, 1944), is not within either of the exceptions named in Article I, Section 12, of the Constitution, and the right of bail should be allowed him pending appeal and until final judgment of this court.

The Legislature, after providing that appeals from the Juvenile Court for the Parish of Orleans shall lie on questions of law and of fact direct to the Supreme Court of the State of Louisiana from all judgments rendered by the Juvenile Court, cannot, by providing that "such appeal shall not suspend judgment of such Court", thus deny to an adult, charged with, and convicted of, a criminal offense, the right to bail pending appeal, which right is granted by Article I, Section 12, of the Louisiana Constitution.

█ The Constitution is the paramount law, to which all other laws must yield, and its provisions must prevail over an act of the Legislature which is in conflict therewith. Scott v. Ratcliff, 167 La. 237, 119 So. 33; State v. Franklin, 202 La. 439, 12 So.2d 211.

The Constitution provides that the Juvenile Court for the Parish of Orleans has jurisdiction of the trial of all children under 17 years of age charged with being neglected or delinquent, except when charged with a capital crime or a crime defined by any law defining attempted aggravated rape, and that appeals shall lie on questions of law and of fact to this court from all final judgments rendered by said

Juvenile Court, but that such appeal shall not discharge the child to whom the judgment relates from the custody of the Juvenile Court or of the person, institution, or agency to whose care such child may be committed by the Juvenile Court, unless the Supreme Court shall so order. However, a juvenile, when charged in said court with being delinquent or neglected, is not charged with a crime denounced by the Criminal Code of this state or by any other criminal statute, and, if found by said court to be delinquent or neglected, he is dealt with in a manner provided by special laws and is not punished as in the case of an adult adjudged guilty of the violation of a criminal statute.

■ Our answers to respondent judge's contention are (1) that the constitutional provision, Section 12 of Article I of the Bill of Rights, grants unto relator in this case the right to bail, which is tantamount in this instance to a suspensive appeal, and (2) that the provision contained in Section 27 of Act 169 of 1944, to the effect that an appeal from a judgment of the Juvenile Court for the Parish of Orleans "shall not suspend judgment of such Court", is in conflict with Section 12 of Article I of the Louisiana Constitution and is therefore unconstitutional when applied to an adult convicted of a crime in that court.

Respondent judge cites the case of State v. McDonald, 206 La. 732, 20 So.2d 6, 8, in support of her contention that a supersedeas or stay can be had as a matter of right only where provided by statute and on strict compliance with the terms and conditions prescribed by the statute; that

the right of appeal is not a constitutional right, and that it is wholly within the power of the Legislature to grant or deny it in either civil or criminal cases.

In the McDonald case, this court had under consideration the question of whether a judge of the Juvenile Court for the Parish of Caddo was correct in refusing to grant a suspensive appeal from his judgment condemning a juvenile as a delinquent child and committing such child to the Louisiana Training Institute. This court found that the action of the trial judge in refusing to grant to the juvenile a suspensive appeal was correct.

In that case, this court had before it for interpretation a different constitutional provision and a different statute, Section 54 of Article VII of the Constitution and Act 30 of 1924, neither of which contained any provision to the effect that appeals from the Juvenile Court should not suspend judgment pending appeal. In the course of our opinion we said: " * * * The fact that adults, who are convicted and sentenced in the juvenile court for offenses involving juveniles, are entitled to appeal suspensively to this Court is not sufficient to confer the right of suspensive appeal on a juvenile or his parent or guardian where the juvenile is found to be a neglected or delinquent child and is committed as such to the Louisiana Training Institute. An adult convicted of contributing to the neglect or delinquency of a juvenile is guilty of a criminal offense punishable by fine or imprisonment or both and is therefore entitled to a suspensive appeal under article 539 of the Code of Criminal Procedure."

As pointed out hereinabove, relator in this case is not a juvenile, but is an adult charged with, tried for, and convicted of, a crime denounced by the Criminal Code. This fact alone, to us, differentiates the McDonald case from the case now under consideration, and we are of the opinion that the ruling in that case has no application to the issue presented here.

For the reasons assigned, it is ordered that the rule issued herein be made absolute, and that respondent judge fix the amount of relator's bail, to the end that he may be released on such bail pending his appeal to this court.