O’NIELL, Chief Justice.
 

 The appellant was convicted in the Juvenile Court for the Parish of Orleans of violating Article 81 of the Criminal Code, defining and denouncing - the crime of indecent behavior with juveniles.
 

 The affidavit on which the prosecution was had charged that on or about the 15th day of April 1945, the defendant, Harold Smith, being over the age of 17 years, did violate Article 81 of the Louisiana Criminal Code, relative to indecent behavior with juveniles, by using indecent language in the-presence of one [naming the girl], 14 years of age, and asking her to commit immoral acts with him, with the intention of arousing his sexual desires.
 

 The appellant raises the question of law as to whether the accusation, that he used in.decent language in the presence of the girl and asked her to commit immoral acts with him, with the intention of arousing his sexual desires, charged a violation of Article 81 of the Criminal Code, which provides :
 

 “Indecent behavior with juveniles is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the absence of any child under the age of seventeen, with the intention of arousing or gratifying the sexual desires of either person. Lack of knowledge of the child’s age shall not be a defense.
 

 “Whoever commits the crime of indecent behavior with juveniles shaJl be fined not more than five hundred dollar!, or imprisoned for "not more than onp- year, or both.”
 

 The argument for the appellant is that the using of indecent language in the presence of the girl and asking her to commit immoral acts with him, with the intention of arousing or gratifying his sexual desires, would not constitute a lewd or lascivious
 
 act,
 
 either upon the person or in the presence of the child.
 

 The appellant contends further that this court has appellate jurisdiction not only on questions of law in this casé but also on all questions of fact relating to the question of his guilt or innocence. He contends finally that the evidence on that subject does not prove — and especially does not prove beyond a reasonable doubt — that
 
 *586
 
 he was guilty of the alleged indecent behavior described in the affidavit.
 

 On the trial of the case, the 14-year-old girl, named in the affidavit, testified as a witness for the State that while she was walking on the street the defendant, whom she had never seen before, drove up beside her in his automobile, and while driving slowly and close beside her, and in the same direction in which she was walking, asked her her age, asked her if she would like to get into the car, asked her a very vulgar, disrespectful and impudent question, and then asked her if any little boys had ever played with her and if she would let him play with her.
 

 The defendant offered evidence, including his own testimony, to prove that his car was out of order and that it was therefore impossible for him to be driving the car on the date of the alleged offense. The purpose and tendency of the evidence offered by the defendant was to prove that the child was mistaken in identifying the defendant as the man who committed the indecent behavior in her presence, if in fact it was committed by anyone.
 

 If this court now has jurisdiction to pass upon questions of fact relating to the guilt or innocence of the defendant in a criminal case appealed from the Juvenile Court for the Parish of Orleans, and if we find that the evidence does not establish the defendant’s guilt beyond a reasonable doubt, there is no necessity for deciding whether the affidavit on which the defendant in this case was prosecuted was sufficient to charge the crime of indecent behavior with juveniles, as defined in Article 81 of the Criminal Code.
 

 Section 10 of Article VII of the Constitution limits the jurisdiction of the Supreme Court in criminal cases to questions of law alone, and limits the jurisdiction even on questions of law to prosecutions for a felony and prosecutions for a misdemeanor where a fine exceeding $300 or imprisonment exceeding six months has been actually imposed. In the present case the crime charged is only a misdemeanor, and is subject to the maximum punishment of a fine not exceeding $500 or imprisonment in the parish prison for a term not exceeding one year, or to both the fine and imprisonment within those limits.' The penalty which was actually imposed in this case is imprisonment in' the parish prison for' three months. No fine was imposed.
 

 It is obvious therefore that this court would not have appellate jurisdiction on the questions of fact in this case if Section 10 of Article VII of the Constitution, relating only to the jurisdiction of the Supreme Court, was not affected by the amendment of Section 96 defining the jurisdiction of the Juvenile Court for the Parish of Orleans, pursuant to Act No. 322 of 1944 — so far as cases tried originally in the Juvenile Court for the Parish of Orleans are concerned.
 

 
 *588
 
 If this question were a new one we would doubt very much that the amendment of Section 96 of Article VII of the Constitution pursuant to Act No. 322 of 1944 should prevail over Section 10 of Article VII of the Constitution, so as to extend the jurisdiction of the Supreme Court in criminal cases, even on questions of law, to prosecutions for misdemeanors, in cases where the penalty actually imposed is not a fine exceeding $300 or imprisonment exceeding six months. But that question was virtually put at rest by the decisions rendered previous to the amendment of Section 96 of Article VII of the Constitution. In State v. Trapp (on rehearing), 140 La. 425,
 
 73
 
 So. 255, and in State v. Campbell, 177 La. 559, 148 So. 708, it was held that, in cases appealed from a juvenile court, the provisions of the Constitution establishing the juvenile courts, and allowing appeals from those courts to the Supreme Court on questions of law, should prevail over the provisions of Section 10 of Article VII of the Constitution, limiting the appellate jurisdiction of the Supreme Court in criminal cases.
 

 And, in a habeas corpus proceeding in the present case, State v. Smith, 209 La. 363, 24 So.2d 617, it was observed, incidentally, that by the amendment of Section 96 the Legislature had provided that appeals from the Juvenile Court for the Parish of Orleans would lie to the Supreme Court on questions of law and of fact.
 

 The amendment of Section 96, so far as it is pertinent to this case, consists merely of making appeals from the Juvenile Court for the Parish of Orleans returnable to the Supreme Court, instead of being, as they were theretofore, returnable to the Criminal District Court for the Parish of Orleans. Before Section 96 was amended pursuant to Act No. 322 of 1944, that part of the section which related to appeals from judgments of the Juvenile Court for the Parish of Orleans was as follows :
 

 “Appeals shall lie on questions of law and of fact to the Criminal District Court 'from all judgments rendered by the Juvenile Court [for the Parish of Orleans], but said appeals shall not suspend the judgment of said court. The Supreme Court shall have the right to review such judgments of the Criminal District Court by writ of certiorari or review.”
 

 As amended, that part of Section 96 now reads as follows:
 

 “Appeal shall lie on questions of law Vi and of fact to the Supreme Court of the State of Louisiana from all final judgments rendered by the Juvenile Court [for the Parish of Orleans], but such appeals shall not discharge the child to whom said judgment relates from the custody of the Juvenile Court or of the person, institution or agency to whose care such child may be committed by the Juvenile Court, unless the Supreme Court shall so order.”
 

 Our first thought was that notwithstanding the retention of the word “all” in that
 
 *590
 
 part 'of the amendment which allows appeals to the Supreme Court “from all final judgments rendered by the Juvenile Court,” the allowing of appeals to this court on questions of fact had reference only to judgments affecting the custody, care or control of a juvenile. But it is not possible to limit the right of appeal to such cases without denying to adults the right of appeal from a final judgment of the Juvenile Court for the Parish of Orleans, even on questions of law. We say this advisedly because, if the allowing of appeals on questions of law and of fact to the Supreme Court from all final judgments rendered by the Juvenile Court for the Parish of Orleans is not applicable to a judgment rendered against an adult, as in this case, an adult has no right of appeal at all from a final judgment of the Juvenile Court for the Parish of Orleans even on questions of law. Our conclusion therefore is that the amendment of Section 96 must be read and construed exactly as it is written, so as to allow appeals on questions of law and of fact to the Supreme Court from
 
 all
 
 final judgments rendered by the Juvenile Court for the Parish of Orleans.
 

 This interpretation of Section 96, as amended pursuant to Act No. 322 of 1944, is contrasted with Section 54 as amended pursuant to Act No. 309 of the same session of the Legislature, relating to appeals from the juvenile courts in all parishes other than the Parish of Orleans. In the amendment of Section 54 the Legislature used terms which admit of no doubt that appeals to the Supreme Court are allowed from
 
 all
 
 judgments of the juvenile courts outside of the Parish of Orleans, that such appeals are allowed on questions of law and of fact in cases only where the judgment affects the custody, care or control of a minor child, and that such appeals are allowed only on questions of law in all other cases. Section 54 as amended by Act No. 309 of 1944 reads as follows:
 

 “Appeals from said Courts, other than the Parish of Orleans, shall be allowed on matters of law and fact where the judgment of the Court affects the custody, care and control of minor children, and shall be allowed on matters of law only in all other cases, which appeals shall be to the Supreme .Court. Provided that where any party in interest desires- to appeal from said Court on a question of fact, That upon his request the Court shall order the evidence taken and transcribed, at the expense of said party, which evidence shall be included in the transcript of appeal.”
 

 It may seem unreasonable that the Legislature, in proposing the amendment of Section 54 and the amendment of Section 96 of Article VII of the Constitution, should have made a difference between appeals from the Juvenile Court for the Parish of Orleans and appeals from the other juvenile courts throughout the State. But that is a matter over which we have no control. Our duty is merely to read and
 
 *592
 
 apply the amendments of the Constitution as they are written.
 

 It may seem strange also that if this case had been tried originally in the Crimi■nal District Court the defendant would have had no right of appeal to the Supreme Court even on questions of law, because the penalty actually imposed is neither a fine exceeding $300 nor imprisonment for a term exceeding six months.
 

 The Criminal District Court did not have jurisdiction to try this case because, according to Section 83 of Article VII of the Constitution, that court has not jurisdiction to try any case over which jurisdiction is vested in another court, and because, according to Section 96 of Article VII, the Juvenile Court for the Parish of Orleans has jurisdiction for the trial of all persons charged with violation of any law enacted for the protection of the physical, moral or mental well-being of children, not punishable by death or imprisonment by hard labor. In fact the compilers of the Criminal Code, in a comment on Article 81, have observed that the article does not make indecent behavior with juveniles a felony, and hence in the Parish of Orleans the Juvenile Court has exclusive original jurisdiction.
 

 All of the testimony that was heard on the trial of this case was taken down stenographically and transcribed and forms a part of the record. A reading of all of this testimony leaves us with a reasonable doubt as to whether the child was mistaken in identifying the defendant as the man who molested her. The testimony .discloses that she is an exceptionally intelligent child and is absolutely truthful. But she admits that she was Very much frightened by being accosted and insulted as she was, and that she hastened away without answering the offensive questions. It is quite likely that she did not look at the man long enough or with enough care to be certain of identifying him afterwards'. No other witness was called to identify the defendant. The mother and an aunt of the child testified that, sometime after the occurrence related by the child, they and the child saw the defendant pass their house, and the child then said to her mother that the man passing was the one who had molested her. But neither of the women testified that they could identify him. A truant officer was called as a witness and testified that a man had annoyed his young daughter, and that in consequence he had called upon the child named in this case, to find out if she could identify the man who had annoyed her. He testified that his daughter identified in the Fifth Precinct Police Station the man who had molested her. But she was not called as a witness in this case.
 

 Against the testimony of the child in this case that she identified the defendant, is the testimony of the proprietor of an automobile repair shop that the defendant’s car was in his shop from the 16th of April, the
 
 *594
 
 day after the child was accosted, to the 22nd of April; that the car was brought to his shop from a position in front of the defendant’s house; that the car had four connecting rods burnt out; that a new set of piston rings was needed; and that the condition of the car was such that it could not have been operated on the day before it was brought to his shop. This witness testified also that he had been requested a week before to take the car to his shop and make the repairs, but that he was too busy. The wife of the defendant testified that on Sunday, April 8th, which was a week before the date of the offense charged in this case, she was driving the car to Baton Rouge to attend her sister’s wedding, and that the car broke down and she had to telephone to her brother in Baton Rouge and have him haul the car to Baton Rouge with his truck. She testified that her brother afterwards towed the car from Baton Rouge back to New Orleans because it was impossible to drive the car back. She testified also that the car was left in front of her house in New Orleans, out of commission, during the whole week preceding April 15th, the date of the alleged offense. The defendant corroborated the testimony given by his wife, and emphatically denied that he was the man who accosted the child on the occasion in question, or that he was riding in his or any automobile on that occasion.
 

 Aside from -the evidence that the defendant could not have been driving his car on the 15th of April 1945, two reputable witnesses testified to the good character of the defendant in support of his motion for a suspended sentence, and there was no denial of the defendant’s good character.
 

 Considering all of the evidence our conclusion is that the State did not prove the charge against the defendant beyond a reasonable doubt.
 

 The verdict and sentence are annulled- and the prosecution is ordered dismissed.