PONDER, Justice.
- The relator as charged in the. Juvenile Court with deserting and wilfully neglecting to provide for-the support of his minor ¡children. He was tried, convicted and sentenced to imprisonment in the parish jail for a period of six months, sentence to be suspended on condition he pay $125 per month for the support of the children. He moved for a suspensive appeal to this Court, which was denied by the judge of the Juvenile Court.
Upon application of the relator, we granted supervisory writs and issued an order di *22 recting the respondent judge to grant relator a suspensive appeal on or before the 30th day of September, 1953 or show cause why the relief should not be granted. The -respondent judge has answered the rule and the matter is now submitted for our determination.
“Appeals lie to [this court] from all final judgments rendered by the Juvenile Court.” Section 52, Article 7 of the Constitution, as amended. The same provision is contained in LSA-R.S. 13:1591 with the further provision that appeals from such final judgments must be taken within ten days after the judgment is signed.
The procedure in the trial of adults in the juvenile court is conducted in the same manner and subject to the same rules of procedure as.the trial of an adult in a misdemeanor charge in any other court of criminal jurisdiction. LSA-R.S. 13:1573.
Only a suspensive appeal is allowed in a criminal case. LSA-R.S. 15:539. The defendant in this case was convicted of an offense denounced ' in the Criminal Code. LSA-R.S. 14:74.
When the framers of the Constitution granted appeals from final judgments rendered by juvenile courts, Section 52, Article. 7 of the Constitution, as amended, they undoubtedly contemplated an adequate appeal or the right to have the case reviewed before the judgment was executed except in cases specially provided for. To construe this section of the Constitution .otherwise would be tantamount to affording no appeal because if the judgment was not suspended during the pendency of the appeal, the judgment would be partially if not wholly executed before the appeal could be heard.
The legislature was granted power to regulate the manner of conducting the proceedings in the juvenile courts and appeals from all their final judgments. Section 52, Article 7 of the Constitution, as amended. A reasonable construction of the legislative acts, the sections of the LSA-Revised Statutes, heretofore referred to, clearly shows that the legislature has provided for a suspensive appeal in a case of this nature in conformity with the intendment of the Constitution.
We held in the case of State v. Smith, 209 La. 363, 24 So.2d 617, wherein an adult was convicted in the juvenile court for a crime denounced by the Criminal Code, that the defendant was entitled to a suspensive appeal to this court and to bail during the pendency of the appeal. .;
The respondent judge in his answer to the rule takes the position- that since it is provided in LSA-R.S. 13:1573 that the trial of an adult in a juvenile court is governed by the same rules as the trial of a misdemeanor in any other court of criminal jurisdiction that the- appeal is governed by Section 10 of Article 7 of the Constitution and that therefore this case is not appeal-able to this court.
The pertinent. provision of Section 10, Article 7 of the Constitution is: “The ap *24 pellate jurisdiction of the Supreme Court shall also extend to criminal cases * * * where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
The provisions of the Constitution establishing juvenile courts and allowing appeals from those courts to the Supreme Court prevail over the provisions of Section 10 of Article 7 of the Constitution. State v. Smith, 210 La. 581, 27 So.2d 359 and authorities cited therein.
For the reasons assigned, the rule is made absolute. Honorable Clyde V. St. Amant, trial judge, is hereby directed to grant the relator,-Athen Tanner, a suspensive appeal from the conviction and sentence.