69 So.2d 505

### STATE v. TANNER.

### No. 41449.

Dec. 14, 1953.

Rehearing Denied Jan. 11, 1954.

Blanchard & Blanchard, Donaldsonville, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Aubert L. Talbot, Dist. Atty., Napoleonville, George R. Blum, Asst. Dist. Atty., Donaldsonville, for appellee.

McCALEB, Justice.

Athens Tanner was convicted in the Juvenile Court for the Parish of Ascension of violating Article 74 of the Criminal Code (now LSA–R.S. 14:74) in that he wilfully neglected to provide for the support of his five minor children, whose ages range from seven to fifteen years. Following a sentence of imprisonment in the Parish jail for six months, which was suspended on condition that he pay $125 per month for the support of his children, he prosecuted this appeal, relying on five bills of exception for a reversal of the conviction.

The first bill was taken to the overruling of a motion to recuse the judge on the ground that he had previously rendered an alimony judgment in a divorce action, ordering appellant to pay his wife $125 a month for the support of herself and the children.

There is no merit in the bill. The fact that the judge participated and rendered judgment in a civil action involving alimony did not furnish a legal cause for his recusation under paragraph 5 of Article 303 of the Code of Criminal Procedure, LSA–R.S. 15:303, providing that a judge shall recuse himself in any criminal case when he has rendered definitive judgment in the cause in any other court. When the judge awarded alimony to appellant's wife and children in the civil action, he merely determined that they were in necessitous circumstances and, therefore, were en-

titled to support. This criminal action does not present the same issue; the issue in this case is whether appellant was guilty of criminal neglect of his family in that he intentionally failed to furnish support for his minor children.

The second bill was reserved when the court overruled appellant's motion for a continuance of the case after his counsel had notified the judge of his intention to apply to this court for remedial writs, following the judge's refusal of the motion for recusation.

■ This bill is likewise without substance. The remedial writs taken by appellant from the judge's refusal to recuse himself were denied by this court on the ground that appellant had an adequate remedy by appeal. Therefore, appellant suffered no injury from the denial of his motion for a continuance since the question presented by the motion to recuse was reserved to him for presentation on this appeal.

■ The third bill was taken to the overruling of a motion to quash the bill of information. This motion is founded on the theory that, whereas appellant was arraigned in the Juvenile Court, the bill of information was filed and the trial was held in the Criminal Court. It is argued that, in view of this, all of the proceedings are void because the Juvenile Court is vested with exclusive jurisdiction of the case.

The answer to this contention is that the Clerk of the District Court, as provided by Section 52 of Article 7 of the Constitution, is ex officio Clerk of the Juvenile Court in each parish. Hence, when the bill of information was filed with the clerk of court he received it in his capacity as ex officio Clerk of the Juvenile Court.

And appellant is also in error in his charge that he was tried in the Criminal Court. The minutes of April 29, 1953 show that the court was sitting as a Juvenile Court at the time appellant's counsel filed a plea to the jurisdiction, which was taken under advisement and the matter continued to the following day when the exception was overruled. At that time, appellant entered a plea of not guilty and the case was continued to May 5th, then continued to May 6th and, finally, to May 27th when it was tried. Obviously, when it was announced at the outset of the proceeding that the court was sitting as a Juvenile Court, the judge was thereafter sitting as a juvenile judge for all proceedings in the case and it was unnecessary that the announcement be repeated when the case was subsequently called following each continuance.

■ Bill of Exceptions No. 4 was taken to the overruling of a motion for a new trial. It is contended in the motion that the evidence does not show that appellant deliberately neglected his family because his contributions to them for the period covering November 1952 to May 1953 averaged $93.57 per month.

This bill presents nothing for review because the proposition urged by appellant is tantamount to saying that the judgment is contrary to the law and the evidence. Such a plea involves only factual questions of which we are without jurisdiction to consider in a criminal case under Section 10 of Article 7 of the Constitution.

 And because the case is triable in the Juvenile Court does not affect the limitation on our inquiry. Under Section 52 of Article 7 of the Constitution, as amended by Act 539 of 1948, creating the Juvenile Courts (excepting the parishes of Orleans and Caddo), it is only in matters affecting the care, custody and control of children and in adoption proceedings that we are permitted to review the law and facts, the section specifically providing that "in all other cases an appeal shall lie on questions of law alone." That a prosecution for wilful neglect of family is a criminal case has been determined by this court in State v. Barilleau, 128 La. 1033, 55 So. 664; State v. Clark, 144 La. 328, 80 So. 578,[1] and in this very case on our last opinion day, when we held that appellant was entitled to a suspensive appeal from the judgment now under review because he had been convicted of a criminal offense. See State of Louisiana v. Tanner, La.1953, 68 So.2d 743. Hence, we cannot inquire into the sufficiency of the evidence; our investigation is restricted to a consideration of whether there was any proof at all to support the conviction. State v. Matassa, 222 La. 363, 62 So.2d 609. Since an examination of the record reveals that some evidence was produced in support of the charge, the bill of exceptions does not present an issue of law.

The last bill is founded on the overruling of appellant's motion in arrest of judgment. This motion contains merely a repetition of the alleged errors which have already been considered. Therefore, discussion of it would be superfluous.

The conviction and sentence are affirmed.

HAWTHORNE, J., absent.

**69 So.2d 508**

**STANDARD ACC. INS. CO.**

**v.**

**ST. ROMAIN.**

No. 41180.

Dec. 14, 1953.

---

1. The Barilleau and Clark cases involved Act 34 of 1902, the predecessor of Article 74 of the Criminal Code.