94 So.2d 3

STATE of Louisiana

v.

Paul PONTHIEAUX.

No. 43274.

Feb. 25, 1957.

Bernard J. Fonseca, Byrnes & Wallace, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Geo. M. McCulloch, Jr., Edward K. Pinner, Louis Fenner Claiborne, Asst. Dist. Attys., New Orleans, for appellee.

HAMLIN, Justice ad hoc.

The chronology of the proceedings leading to this appeal is as follows:

| | |
|---|---|
| February 17, 1956 | —Defendant was charged, by bill of information filed in the Juvenile Court for the Parish of Orleans, with unlawfully failing to provide for the support of his wife, Mrs. Anna L. Ponthieaux. LSA–R.S. 14:74. |
| February 27, 1956 | —Defendant was arraigned and pleaded not guilty. |
| March 12, 1956 | —Defendant was ordered to pay $18.00 a week for the support of his wife, who was pregnant; payments to be made through the Alimony Department of the Juvenile Court, commencing March 19, 1956. |
| March 18, 1956 | —Cheryl Ann Ponthieaux was born to Mrs. Anna L. Ponthieaux, wife of the defendant. |
| March 19, 1956 | —Plea to the jurisdiction of the Juvenile Court ratione materiae was filed by the defendant. |
| March 19, 1956 | —Defendant filed suit in the Civil District Court for the Parish of Orleans to have his marriage to his wife, Mrs. Anna L. Ponthieaux, complainant, declared null. |
| April 17, 1956 | —Action en desaveu, to have Cheryl A. Ponthieaux decreed not to be his child, was filed by the defendant, Paul J. Ponthieaux, in the Civil District Court for the Parish of Orleans. |
| July 25, 1956 | —State moved to amend the information, charging the defendant with unlawful failure to support his wife, to include failure to support his child, Cheryl Ann Ponthieaux, born March 18, 1956. |

July 27, 1956 —Bill of information was amended.

July 27, 1956 —Plea to the jurisdiction of the Juvenile Court for the Parish of Orleans was filed by the defendant.

August 1, 1956 —Juvenile Court for the Parish of Orleans overruled the plea to the jurisdiction.

August 2, 1956 —Counsel for the defendant gave notice that he would apply to the Supreme Court for the State of Louisiana for writs.

August 20, 1956 —Writs were denied.
"Relator's remedy is by appeal." Article 7, Section 96, Louisiana Constitution, LSA. State v. Smith, 209 La. 363, 24 So.2d 617; State v. Tanner, 224 La. 19, 68 So.2d 743.

September 13, 1956—The defendant was cited for contempt of the Juvenile Court for the Parish of Orleans, for not having made any payment under the above order of March 12, 1956 for the obligation of alimony of $18.00 per week. He was found guilty and ordered to pay a fine of $400.00 or serve six months in the parish prison.

September 24, 1956—Defendant was granted a suspensive appeal to the Supreme Court for the State of Louisiana. He was ordered to furnish an alimony bond in the sum of $500.00.

Five bills of exceptions, reserved to the rulings of the Judge of the Juvenile Court for the Parish of Orleans during defendant's trial for contempt, are presented for our consideration. Learned counsel for the State of Louisiana argues that since this appeal does not involve the care, custody, or control of children under seventeen years of age, the appeal extends to questions of law alone. This contention is correct, because Article VII, Section 96, of the Louisiana Constitution of 1921 provides:

"Appeals shall lie to the Supreme Court of the State of Louisiana from all final judgments rendered by the Juvenile Court. An appeal shall lie on questions of law and of fact when the judgment of the court affects the custody, care or control of children under seventeen years of age, * * *. An appeal also shall lie on questions of law and of fact in adoption proceedings. In all other cases an appeal shall lie on

questions of law alone." See, State v. Tanner, 224 La. 374, 69 So.2d 505.

■ Bill of exception No. One was reserved to the ruling of the trial judge in permitting an amendment of the information to include, in the crime charged, unlawful failure to support his child. It is contended that the amendment constituted the charge of a new crime and was not an amendment in respect to any defect, imperfection, or omission in form or substance.

After an examination of the testimony attached to the bill, we find that the defendant was not prejudiced by the amendment. LSA–R.S. 15:253 permits amendment to an indictment or information as to substance where a defendant is not misled or prejudiced, provided he is fully protected in his rights.

LSA–R.S. 14:74 defines criminal neglect as the desertion or intentional non-support by a husband of his wife and by either parent of his child or children. In the instant case, the defendant was charged with the non-support of his wife before the child was born, and, by amendment, he was charged with the non-support of both after the child was born. The amendment was not the accusation of a new crime. It was no more than an alleged enlargement of the crime charged, and the defendant was given the right to file a plea to the jurisdiction. The testimony attached to the bill shows that defendant was aware of his wife's condition, and, it, likewise, proves that the child herein involved was born to the prosecuting witness, Mrs. Anna Ponthieaux.

We are of the opinion that Bill of Exception No. One is without merit.

Bills of Exceptions Nos. Two and Three will be discussed jointly. They were taken to the trial court's overruling defendant's pleas to its jurisdiction based on the grounds that he had filed a suit in the Civil District Court for the Parish of Orleans for the annullment of his marriage and had filed another suit in the same court to disavow the paternity of the child, Cheryl Ann Ponthieaux.

These two bills present for our determination the solution of the question of whether the pendency of civil actions instituted by the husband, after proceedings had been commenced in the Juvenile Court, affect the jurisdiction of the Juvenile Court.

Jurisdiction attached to the Juvenile Court for the Parish of Orleans on February 17, 1956, and judgment was rendered on March 12, 1956. Defendant's actions were filed in the Civil District Court for the Parish of Orleans on March 19, 1956 and April 17, 1956. Although the Juvenile Court permitted amendment of the information to include the child, there was no change in the amount of the original order of March 12, 1956, and the instant matter

is a contempt proceeding for non-compliance with that order.

LSA–R.S. 13:1572 provides:

"＊ ＊ ＊ When jurisdiction shall have been obtained by the court in a case pertaining to the support of a wife by her husband, such jurisdiction shall continue unless and until a proceeding for separation from bed and board or for divorce shall have been instituted by either spouse."

■ The jurisdiction of the Juvenile Court, in cases of non-support of a wife by her husband, is only relinquished when a suit for separation from bed and board or for divorce is instituted by either spouse. Since alimony is an incident to such suits LSA–Civil Code, Articles 148 and 160, it follows that the court having jurisdiction of such matters should also have jurisdiction of support.

■ Alimony is not an incident to a suit to annul a marriage and is, therefore, not recoverable in such a proceeding. State v. Barilleau, 128 La. 1033, 55 So. 664; Monteleone v. O'Hanlon, 159 La. 796, 106 So. 308. Under these circumstances, a suit filed in the Civil District Court to annul a marriage would not ipso facto deprive the Juvenile Court of its preacquired jurisdiction. This Court has held that the pendency of an action to annul a marriage was no bar to a criminal prosecution for non-

support of either wife or child. State v. Barilleau, 128 La. 1033, 55 So. 664; Succession of Barth, 178 La. 847, 152 So. 543, 91 A.L.R. 408.

■ Defendant's suit to annul is based on the ground that a Mississippi Court, which granted the prosecuting witness a divorce from a prior marriage, did not have jurisdiction ratione personae. He has not proved his accusations, nor has he received a judgment in his favor. Under such conditions, we do not believe that the petition to annul the marriage could even be considered as evidence in the prosecution for non-support. State v. Donzi, 133 La. 925, 63 So. 405.

■ The Juvenile Court for the Parish of Orleans had jurisdiction of the proceedings under LSA–R.S. 14:74. It maintained jurisdiction to punish for contempt of its order, despite the filing of the petition to annul in the Civil District Court.

We are of the opinion that there is no merit to Bill of Exceptions No. Two.

"＊ ＊ ＊ To hold otherwise would enable a recalcitrant husband to evade his obligation to support his wife and children for an indefinite period of time. ＊ ＊ ＊" State v. Loyacano, 135 La. 945, 66 So. 307.

The above reasoning also governs defendant's plea to the jurisdiction of the Juvenile Court for the Parish of Orleans

because of his action "en desaveu" filed in the Civil District Court for the Parish of Orleans. The minor, Cheryl Ann Ponthieaux, was born after the 180th day of the prosecuting witness' marriage to defendant and is presumed to be the child of the marriage. LSA–Civil Code, Article 186.

Since the amendment to the information was made to include the minor and did not increase the monetary award, defendant had no right to complain that the Juvenile Court was without jurisdiction. The petition "en desaveu" filed in the Civil District Court could not be considered, since there was no proof offered in its support nor judgment rendered.

The case of State v. Hubbard, 228 La. 155, 81 So.2d 844, where the support of an illegitimate child was under consideration is not apposite. There the Court held that the establishment of paternity of an illegitimate child is a civil function with exclusive jurisdiction thereof vested in the Civil District Court, and that criminal responsibility cannot ensue under LSA–R.S. 14:74 unless a civil obligation has been previously imposed. In the instant case, we have under consideration the support of a child presumed to be legitimate. This is an appeal from a judgment finding defendant guilty of contempt of court for failure to comply with the judgment of the Juvenile Court awarding alimony on March 12, 1956.

We are of the opinion that there is no merit to Bill of Exceptions No. Three.

Bill of Exceptions No. Four was reserved when the trial judge overruled defendant's motion for a new trial on the ground that under LSA–R.S. 14:74 specific intent was necessary for the crime of nonsupport, and that no such intent had been proved.

The trial judge was correct in refusing the defendant a new trial, because, under the statute itself, specific intent is presumed. Therefore, Bill of Exceptions No. Four is without merit.

Bill of Exceptions No. Five was taken to the overruling of defendant's motion in arrest of judgment. Since this bill presents nothing new for our consideration, there is no merit to it.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET, C. J., absent.