GULOTTA, Judge.
This appeal arises from a judgment awarding alimony incidental to a decree of annulment.
Maria Haydee Cortes instituted an action to annul the marriage on the grounds that it was bigamous. She alleged that prior and subsequent to her marriage, she at all times was in good faith, and, therefore, the civil effects of a valid marriage flow in her favor as a putative wife, including the right to receive permanent alimony. The trial court granted judgment for plaintiff annulling the marriage and awarded permanent alimony in the sum of $300.00 a month. Defendant appeals from that part of the judgment granting alimony to plaintiff.
The only issue before us is whether a putative wife is entitled to maintain an action for permanent alimony incidental to a suit for annulment of a marriage.
Applicable articles of the Civil Code are LSA-C.C. art. 117 and LSA-C.C. art. 118. LSA-C.C. art. 117 provides:
“The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith.”
LSA-C.C. art. 118 reads:
“If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage.”
Among the civil effects that flow from the marriage is that children of a good-faith putative spouse whose partner was guilty of bigamy are nevertheless considered legitimate. Texas Co. v. Stewart, 101 So.2d 222 (Orl.App.1958). Moreover, property rights of the putative wife have been held to be a civil effect flowing from the null marriage. See: Holmes v. Triggs, 214 La. 1083, 39 So.2d 739 (1949); Succession of Fields, 222 La. 310, 62 So.2d 495 (1952); Prince v. Hopson, 230 La. 575, 89 So.2d 128 (1956). However, in Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926 (1907), it was held that under LSA-C.C. art. 2315, the right to sue for damages for the husband’s death or for personal injuries suffered by him is not one of the civil effects of marriage which inures to the benefit of the putative wife under Civil Code Articles 117 and 118. We fail to find the jurisprudence has extended these articles to also include permanent alimony. We have found no case and none are cited in brief where alimony was awarded incidental to an annulment decree. On the contrary, the Supreme Court, when confronted with the question, has stated that alimony is not incidental to a suit to annul a marriage and cannot be recovered in such a proceeding. Monteleone v. O’Hanlon, 159 La. 796, 106 So. 308 (1925); *238 State v. Barilleau, 128 La. 1033, 55 So. 664 (1911) and cases cited therein; State v. Ponthieaux, 232 La. 121, 94 So.2d 3 (1957).
LSA-C.C. art. 160 is the statutory authority for awarding permanent alimony:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.” (Emphasis ours.)
It provides for permanent alimony incidental only to a suit for divorce [1] and not in an action for annulment. It would be inconsistent to declare a marriage void ab initio[2] and at the same time award alimony predicated on the pre-existence of a valid marriage.
The language in 55 C.J.S. Marriage, § 63, page 944 explains the principle that the right to alimony depends on a valid subsisting marriage:
“Jurisdiction of the courts over matters of alimony is, in some states, purely statutory. Statutes providing for suit money and alimony in divorce or dissolution suits have been held not to apply to suits to annul, unless made applicable by the statute providing for annulment; and alimony is allowable only in suits brought pursuant to the statutes.
“As a general rule the right to alimony depends on a valid and subsisting marriage, since without this there is no obligation for the support of the alleged wife, and, before it can be claimed or allowed, the marriage must be proved or admitted, or, if it is contested, there must appear to the court a fair probability that it will be established. Where a wife brings suit for the annulment of the ostensible marriage, thereby denying the fundamental fact on which a claim for alimony should be based, no allowance can be made for her support pending the action, or for suit money, unless it is authorized by a statute.”
There is no statutory authority in Louisiana providing for alimony to a wife suing for annulment of the marriage.
In view of the foregoing, we are of the opinion the trial court erred in awarding alimony to plaintiff incidental to an action to annul the marriage. Accordingly, the judgment of the trial court is reversed insofar as it grants alimony to plaintiff, and it is now ordered that there be judgment in favor of the defendant and against the plaintiff, Maria Haydee Cordes, dismissing the latter’s demand for permanent alimony. Costs of this appeal to be paid by •plaintiff.
Reversed.
LEMMON, J., dissents with written reasons to follow.

. Under LSA-C.C. art. 148, alimony pen-dente lite would, of course, be incidental to a suit for separation or divorce.

. See: LSA-C.C. arts. 93, 113; Clark v. Clark, 192 So.2d 694 (La.App. 3rd Cir. 1966).