SAVOY, Judge
(dissenting).
Sylvester, a juvenile, was tried in Juvenile Court for attempted theft and indecent assault. The case was tried by Judge Robert Dejean, the juvenile judge. Sylvester was decreed a delinquent and committed to a diagnostic center where he was confined at the time of this appeal. He was not represented at the hearing by an attorney. The mother of Sylvester objected to his confinement. The judge appointed an attorney to represent him, and a second trial was had. At the end of the second hearing, the judge reached the same conclusion as in the first hearing, and a similar sentence was given Sylvester. Sylvester appealed. The majority of this Court has affirmed.
Counsel for appellant contends, among other grounds, that the juvenile judge should have recused himself in the second hearing since he heard the matter initially.
The majority mentions the case of State v. Bill, 15 La.Ann 114 to the effect that a *589 judge is competent to re-try a case after a mistrial has been declared. We have no quarrel with this holding. This involved a jury case in a criminal matter, and the judge’s only function at the trial was to preside. The guilt or innocence of the defendant was a matter for the jury.
The next case cited by the majority is that of State v. Tanner, 224 La. 374, 69 So.2d 505. In Tanner the defendant had been condemned in a civil suit to pay alimony to support his minor children. He failed to do so and was charged by the State with a violation of Article 74 of the Criminal Code (now LSA-R.S. 14.74) in that he failed to support his minor children. After a trial he received a suspended jail sentence on condition that he pay $125.00 per month for the support of the minors. He appealed. The Louisiana Supreme Court affirmed. The court stated that the same issues were not involved in the two proceedings. The court stated, “This criminal action does not present the same issue.” The case is distinguishable from the instant case.
In State v. Foster, 156 La. 891, 101 So. 255, the defendant was tried for attempting to commit arson and was acquitted. He was then charged with assault. Defendant filed a plea of double jeopardy. He was tried and convicted on this charge. He applied for writs which were granted' by our State Supreme Court. The Supreme Court held that since the crime of arson and assault are different, the plea was without merit. This case is not applicable to the case at bar.
ON THE MERITS
One of the key witnesses to the theft charge did not appear for either trial, therefore, depriving counsel for Sylvester of the right to confront and cross-examine him. It is the opinion of the writer that there is not sufficient evidence in the record to impose the decree as was done in this case.
I respectfully dissent.