(50 South. 805.)

No. 17,797.

STATE v. PERKINS.

(Nov. 29, 1909.)

1. CRIMINAL LAW (§ 1090*) — APPEAL — REVIEW—MOTION TO RECUSE JUDGE.

Where all the pleadings and evidence adduced are contained in the transcript of appeal, a formal bill of exceptions is not necessary to enable the Supreme Court to review the rulings below on a motion to recuse the district judge.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1090.*]

2. JUDGES (§ 47*) — RECUSATION — "ADVOCATE IN THE CAUSE."

In a criminal case, the judge has been consulted "as an advocate in the cause" in the sense of Act No. 40, p. 38, of 1880, when he has been previously employed and consulted on the same basic matter in civil proceedings.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–217; Dec. Dig. § 47.*]

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; D. B. Gorham, Judge ad hoc.

John A. Perkins was indicted for embezzlement. From an order overruling a motion to recuse the presiding judge, defendant appeals. Reversed and remanded.

Stewart & Stewart and John B. Kent (Jerry D. Cline, of counsel), for appellant. Walter Guion, Atty. Gen., and Joseph Moore, Dist. Atty. (U. A. Bell and R. G. Pleasant, of counsel), for the State.

LAND, J. In August, 1904, the defendant, sheriff and ex officio tax collector of the parish of Calcasieu, was charged on information with the crime of embezzling $60,303.79 of taxes by him collected by virtue of his office.

In June, 1909, the defendant appeared and filed a motion to recuse the Honorable Winston Overton, presiding judge of the district, on the ground that he had been employed and consulted in matters forming the basis of the present criminal prosecution against the defendant.

The district judge declined to recuse himself, and appointed a judge ad hoc to hear and determine the issue raised by the motion. After hearing the evidence, the judge ad hoc overruled the motion, and defendant has appealed.

On Motion to Dismiss.

The state has moved to dismiss on the grounds: That the transcript does not disclose any motion or order for an appeal.

That the transcript does not show that any bill of exception was formally taken to the overruling of the motion to recuse the district judge.

The first alleged defect has been cured by certiorari to supplement the record.

The transcript contains the motion to recuse, all the evidence adduced on the trial of the motion, and the judgment of the court thereon.

We make the following extract from the minutes:

"Motion taken up, evidence adduced and is submitted. Motion is overruled. To which ruling counsel for defendant excepts. This is to stand in lieu of a bill."

Act No. 40, p. 38, of 1880, relative to the recusation of district judges, applies to all cases, civil and criminal. The legislative intent was to create a uniform system of recusation, regardless of the character of the case in which the issue might be raised. State ex rel. Jones et al. v. Judges, 41 La. Ann. 321, 6 South. 22. The issue of recusation vel non therefore may be raised in any case, and may be said to be common to cases of all kinds. Hence there is no warrant for applying the strict rules of criminal procedure to motions to recuse. We do not deem a formal bill of exception necessary in a case of this kind, where all the pleadings and evidence adduced below appear in the transcript. To require a technical bill of exception would serve no useful purpose.

The motion to dismiss is therefore overruled.

### On the Merits.

Several years after the filing of the information in this case, Winston Overton, Esq., was associated with a law firm representing the surety company on the official bond of the defendant as sheriff and ex officio tax collector. This surety company employed counsel to assist the Attorney General in a suit against a certain bank to make it responsible for taxes deposited by the tax collector in his official name, but which were subsequently checked out by him for his own private purposes. Other parties who had received checks that were paid out of the tax money deposited in the bank were also sued. These suits were predicated on the theory that the defendant was a defaulter to the state, and had misappropriated taxes after they had been collected and deposited in bank for transmission in due course to the State Treasurer. Mr. Overton was also consulted about the bringing of a hypothecary action against certain property of the defendant. In short, Mr. Overton was employed and consulted for the purpose of taking steps to recover the money alleged to have been misappropriated by the defendant as tax collector. Mr. Overton also acted as judge ad hoc in several cases brought to recover taxes due the state, parish, and public schools by the defendant as tax collector. Mr. Overton was never consulted on the part of the prosecution or on the part of the defense as to the criminal responsibility of the defendant.

The statutory ground of recusation reads:

"His having been employed or consulted as advocate in the cause."

The judge ad hoc ruled that, as Judge Overton had never been consulted on the criminal branch of the case, there was no ground for recusation.

In State ex rel. Stewart v. Reid, 114 La. 97, 38 South. 70, this court held that a judge who before his election had been consulted in the matter of a suit about to be instituted based on an alleged shortage of a tax collector was properly recused in a subsequent suit based on the same matter. While Mr. Overton was consulted on the civil remedy, the basic matter was the same as in the criminal prosecution. The recovery against the bank and other parties was predicated, not only on a shortage in the accounts of the tax collector, but also on his alleged wrongful diversion of the taxes to his own use. Such shortage and misuse constitute important elements of the crime with which defendant stands charged. While we have every confidence in the integrity and impartiality of our learned Brother of the district court, we think that the policy of the law would be best subserved by his recusation.

It is therefore ordered that the judgment below be reversed, and it is now ordered that

this case be remanded, with instructions to the district judge to recuse himself, and to appoint a judge ad hoc to try this cause.