86 So.2d 403

STATE of Louisiana

v.

Alex WILLIAMS.

No. 42678.

Feb. 20, 1956.

John P. Dowling, New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Aubert D. Talbot, Dist. Atty., Napoleonville, Charles S. Becnel, Asst. Dist. Atty., Vacherie, for appellee.

HAWTHORNE, Justice.

Alex Williams, found guilty of simple battery, was sentenced to one year in the parish prison. He has appealed.

Appellant in this case was tried in the Twenty-third Judicial District Court for the Parish of St. James before Judge Clyde V. St. Amant. Before trial appellant filed a motion for recusation of Judge St. Amant, which was overruled. To this ruling he reserved and perfected a bill of exception upon which he relies for reversal of his conviction and sentence.

The record discloses that Judge St. Amant signed a restraining order and a rule nisi for a preliminary injunction in Colonial Sugars Company v. Arthur Arceneaux et al., a civil suit, No. 8289 on the docket of the Twenty-third Judicial District Court. Judge St. Amant did not try the rule nisi, which was argued before another judge assigned to that district by this court. In his motion for recusation appellant alleges that the information in the instant case was founded upon the same allegations as those in a paragraph of the petition in Colonial Sugars Co. v. Arthur Arceneaux, supra, in which Colonial Sugars was seeking a temporary restraining order against the members of a labor union. Although it is not made clear in appellant's motion, he was apparently a member of this union at the time of the injunction suit, but was not a named defendant in that suit. Appellant contends that these facts were sufficient cause for recusation of the trial judge under the provisions of Paragraph 5 of Article 303 of the Code of Criminal Procedure, R.S. 15:303, which reads:

"The causes for which any judge in any criminal case shall be recused, shall be as follows:

\* \* \* \* \* \*

"(5) His having performed any judicial act in the cause in any other court."

This contention is ill-founded.

Of course the signing of the restraining order and rule nisi in the Colonial Sugars case was a judicial act by Judge St. Amant. However, to be grounds for recusation under Article 303(5) the judicial act must be in the same cause in some other court. That Colonial Sugars Co. v. Arthur Arceneaux and State v. Williams are not the same cause is obvious. Moreover, the instant case was tried in the same court as Colonial Sugars Company v. Arthur Arceneaux, and thus two of the three requirements of Article 303(5) are lacking.

■ Under the provisions of Article 7, Section 35, of the Louisiana Constitution, the district courts throughout the state (the Parish of Orleans excepted) have jurisdiction of both civil and criminal matters, but it does not follow that a district court is two courts instead of one simply because it has jurisdiction of both civil and criminal matters. The Twenty-third Judicial District Court is only one court.

It is clear that the signing of the orders in the civil suit was not a judicial act "in the cause in any other court". See State v. Yokum, 155 La. 846, 99 So. 621.[1]

The conviction and sentence are affirmed.

---

[1]. In State v. Tanner, 224 La. 374, 69 So. 2d 505, decided in 1953, this court evidently overlooked the fact that Paragraph 5 of Article 303 of the Code of Criminal Procedure, which formerly read "(5) His having rendered definitive judgment in the cause in any other court", was changed to read as quoted above when it was incorporated in the Revised Statutes of 1950.