FRUGÉ, Judge.
A hearing was held on December 9, 1971, to consider factual allegations of attempted theft and indecent assault against Larry Sylvester, a juvenile. The hearing was presided over by Judge Robert De-Jean, the Juvenile Court, Ward One, Parish of St. Landry. The juvenile was decreed delinquent and ordered committed to a diagnostic center. He was not represented by an attorney at this hearing. Subsequent to this original proceeding, the judge appointed counsel to represent the minor in a second hearing had on January 11, 1972. At the second hearing Larry faired no better; he was again pronounced delinquent.
The first ground offered in support of Sylvester’s appeal for reversal of the January 11, 1972, judgment is the refusal of the judge to recuse himself from that second proceeding. In support of this proposition, counsel for Sylvester cites LSA-C.Cr.P. Article 671(5), which provides :
“In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(5) Has performed a judicial act in the case in another court
The clear wording of the article shows that the contention urged by counsel for the juvenile is without merit. The record illustrates poignantly that Judge Dejean did not perform a judicial act in another court. State v. Williams, 229 La. 622, 86 So.2d 403 (1956). The Official Revision Comment to Article 671 provides in part:
“A district court judge, who has served as a city court judge, is subject to recusation when a case previously tried by him in the city court is appealed and tried de novo in the district court.”
Section 5 of Article 671 was not intended to apply to situations as presented in the instant case. This is made clear by the following:
Official comment — “Ground (5) [of Art. 671] follows C.C.P. Art. 151(3) . . . Beginning with State v. Bill, 15 La.Ann. 114 (1860), it has been consistently held that a judge is competent to conduct the trial after a mistrial has been declared; and re-trial of a case after a new trial is ordered may also be held before the *587 same judge who originally tried the case.”
The record of the first proceeding on December 9, 1971, is lacking in particulars as to whether or not Judge Dejean actually declared a mistrial. However, it is certain that a second hearing was ordered and, in an abundance of caution, counsel appointed to represent the juvenile at that proceeding.
In McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971), the most recent United States Supreme Court mandate relevant to juvenile proceedings, the Court placed emphasis upon the necessity of maintaining juvenile hearings as intimate, informal, protective proceedings. The Court, in holding that trial by jury is not required in juvenile proceedings, said that to superimpose all the formalities of criminal proceedings upon juvenile proceedings would bring with it into that system the traditional delay, formality, and clamor of the adversary system; all to the prejudice of the minor.
It may be argued that since Judge Dejean presided over the December, 1971, hearing, he should have recused himself from the second proceeding. Such a contention ignores jurisprudence to the effect that a judge cannot be recused on a second trial merely because he formed an opinion from the evidence heard on the first trial, so long as the trial is fair and impartial. State v. Tanner, 224 La. 374, 69 So.2d 505 (1954); State v. Foster, 156 La. 891, 101 So. 255 (1924).
The United States Supreme Court said the following in McKeiver, which is particularly germane to the issue at hand:
“Finally, the arguments advanced by the juveniles here are, of course, the identical arguments that underlie the demand for the jury trial for criminal proceedings. The arguments necessarily equate the juvenile proceeding—or at least the adjudicative phase of it—with the criminal trial. Whether they should be so equated is our issue. Concern about the inapplicability of exclusionary and other rules of evidence, about the juvenile court judge’s possible awareness of the juvenile’s prior record, and of the contents of the social file; about repeated appearances of the same familiar witnesses in the persons of juvenile and probation officers and social workers— all to the effect that this will create the likelihood of prejudgment—chooses to ignore it seems to us, every aspect of fairness, of concern, of sympathy, and of paternal attention that the juvenile court system contemplates.”
The record shows that Larry Sylvester was treated with fairness, concern, and attention by Judge Dejean. The standard of “fundamental fairness” as set forth in In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), has been met. The motion to recuse the judge was correctly denied.
The juvenile probation officer filed a petition alleging that Larry Sylvester, 14 years of age, was within the jurisdiction of the Juvenile Court and that:
“On November 23, 1971, Larry Sylvester, accompanied by Kerry Lee Jack, age 6, attempted to steal Mrs. Melton Bernard’s purse, knocking her down causing injuries to her hip.
“On November 27, 1971, Larry Sylvester indecently assaulted Brenda Pitre, a negro female, age 11, pulling her down, getting on top of her and placing his hand on her mouth so she could not shout.”
Counsel for the juvenile takes exception to the ruling of the court on his motion to quash the petition.
In Gault, the Court said that due process requires notice of the sort which would be deemed constitutionally adequate in a civil or criminal proceeding. The Court placed *588 heavy emphasis upon (1) timely notice, and (2) notice of the specific issues that must be met at the hearing. Petitions have been invalidated under the latter when they were too vague or made very general allegations. The allegations in the petition against Larry Sylvester are sufficiently specific and provide adequate information to meet constitutional requirements.
Counsel maintains that the verdict of the court was not predicated upon sufficient evidence to substantiate a finding of delinquency.
In the case of In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court held that, “the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged,” 397 U.S. at 364, 90 S.Ct. at 1073; and then went on to hold at 368, 90 S.Ct. at 1075 that this standard was also applicable “during the adjudicatory stage of a delinquency proceeding.” The Court said that the burden of proving charges against a juvenile is no less severe than that of proving charges against an adult; every element of the crime must be proven beyond a reasonable doubt. In the Interest of Ogletree, 244 So.2d 288 (La.App. 4th Cir., 1971); State in the Interest of Emerson, 250 So.2d 439 (La.App. 4th Cir., 1971); State v. Washington, 256 La. 233, 236 So.2d 23 (1970); In the Interest of Bordes, 242 So.2d 117 (La.App. 4th Cir., 1970).
The First Circuit recently reversed juvenile court determinations in State in the Interest of Hampton, 257 So.2d 459 (La. App. 1st Cir., 1972), and State in the Interest of Taylor, 255 So.2d 361 (La.App. 1st Cir., 1971), on the basis that the prosecu-, tion failed to identify and proved the culpability of juveniles beyond a reasonable doubt.
The facts in this case are in no way similar to the two above-mentioned cases. The victim of attempted theft and the victim of the assault positively identified the accused. There is evidence in the record which supports the adjudication of Larry Sylvester as a juvenile delinquent. Therefore, the state sustained its burden of proof and there is no error of law presented on this score.[1]
For the above-mentioned reasons, the judgment is affirmed.
Affirmed.
SAVOY, J., dissents and assigns written reasons.

. In reaching this result we have complied with recently enacted legislative Act. No. 714 which amended Section 1591 of Part 1 of Title 13 of the Louisiana Revised Statutes of 1950 relative to procedure in juvenile courts.