402 So.2d 122 (1981)
Gloria ROLLO, Individually and as Administratrix for the Estates of Charles Jefferson Rollo, III and Shelley Michelle Rollo, Respondent,
v.
Roosevelt DISON, et al., Relators.
No. 14665.
Court of Appeal of Louisiana, Second Circuit.
June 25, 1981.
Writ Denied September 9, 1981.
*123 Thomas & Dunahoe by Gerard F. Thomas, Jr., Natchitoches, for relator; Laura Jewell Peacock Anderson, individually and as executrix of the estate of R. C. "Pat" Anderson.
Julian E. Bailes, Natchitoches, for relator, W. C. Clark.
Watson, Murchison, Crews, Arthur & Corkern by Ronald E. Corkern, Jr., and Raymond Arthur and Richard N. Ware, Natchitoches, for respondent; Gloria Rollo, individually and as administratrix for the estates of Charles Jefferson Rollo, III, and Shelley Michelle Rollo.
Before PRICE, HALL and FRED W. JONES, Jr., JJ.
HALL, Judge.
Writs were granted in this case on the application of certain defendants to review the correctness of a judgment denying their motion to recuse the judge of the district court in which the suit was filed. Finding that grounds for recusal exist under LSA-C.C.P. Art. 151(2),[1] we reverse and set aside the judgment and order the recusal of the district judge.
Gloria Rollo, individually and as administratrix of the estate of two minor children born of her marriage with Charles J. Rollo, Jr., from whom she was divorced, filed this suit on April 11, 1980 in the Thirty-Ninth Judicial District Court for Red River Parish, seeking damages arising out of the alleged murder of her former husband and father of the children. Originally named as defendants were Roosevelt Dison, the Estate of R. C. "Pat" Anderson, James R. Salim, and W. C. Clark. It was alleged that Dison intentionally shot and killed Rollo; that Anderson conspired to have Rollo killed and that he paid a sum of money to Salim for that purpose; that Salim paid the money to Clark for the purpose of contracting for the killing of Rollo; and that Clark in turn paid Dison for the actual killing. Louisiana Farm Bureau Mutual Insurance *124 Company, liability insurer of Anderson, was subsequently joined as a party-defendant. Various responsive pleadings were filed by all defendants except Salim, who may not have been properly served, and Dison. Several exceptions were heard and ruled on by Judge John S. Stephens, sole judge of the judicial district.
On April 27, 1981, defendants Dison, Clark, Estate of Anderson, and Louisiana Farm Bureau filed a motion to recuse Judge Stephens. The motion alleged that at the time of the alleged murder Judge Stephens was assistant district attorney of the Tenth Judicial District, then composed of Natchitoches and Red River Parishes; that Raymond Arthur, one of plaintiff's attorneys, was also an assistant district attorney and as such Judge Stephens was associated with Mr. Arthur during Mr. Arthur's employment in this case; that Judge Stephens in his capacity as assistant district attorney was consulted by police authorities with regard to the bringing of criminal charges and the arrest of Dison for the alleged murder of Rollo; that Judge Stephens in his capacity as assistant district attorney prosecuted Dison on charges of armed robbery; and that Judge Stephens in his capacity as assistant district attorney performed judicial acts in this cause in another court.
By supplemental and amending motion, defendants alleged that Judge Stephens had an interest in the cause arising out of his described activities as assistant district attorney.
After the original motion to recuse was filed, Judge Stephens appointed a lawyer domiciled in the judicial district who had the qualifications of a district judge to try the motion to recuse, pursuant to LSA-C. C.P. Art. 156. Following the filing of the supplemental and amending motion alleging the judge's interest in the cause as a ground for recusation, a district judge of an adjoining district was appointed to try the motion to recuse, all in accordance with Article 156.
At the trial of the matter before the judge ad hoc the following facts were established. At the time of the alleged murder, the Tenth Judicial District was composed of Natchitoches and Red River Parishes. Ronald C. Martin was district attorney for the judicial district. He had five assistants, one of whom was Judge Stephens who held the position of first assistant district attorney and primarily handled matters in Red River Parish.
The murder occurred in Natchitoches Parish. Sheriff's deputies gained information implicating Dison whom they located in Red River Parish. Believing they had probable cause to arrest Dison but wanting legal advice, the deputies contacted Assistant District Attorney Stephens, who met with them. After reviewing the matter with the deputies, Stephens expressed his opinion that there was probable cause to make the arrest and to charge Dison with murder.
Thereafter, Stephens had no further personal connection with the Rollo murder case. District Attorney Martin may have discussed the case generally and informally with him. The cases arising out of the murder were assigned primarily to Assistant District Attorney Mike Henry. Murder charges were filed against Anderson, Clark, and Dison. The case against Anderson was terminated by his death. Dison and Clark were prosecuted by the district attorney's office and were convicted. At the time of trial of the motion to recuse, Dison's conviction had been affirmed on appeal and Clark's appeal was pending.
After the Rollo murder and the arrest of Dison, Assistant District Attorney Stephens prosecuted Dison on a charge of armed robbery which occurred in Red River Parish prior to the Rollo murder. The armed robbery was unrelated to the Rollo murder, except that Dison told law enforcement officers he committed the robbery because he wanted to be sent to jail so he would not have to go through with the Rollo contract for which he had already accepted some money.
In denying the motion to recuse, the judge ad hoc rendered written reasons for judgment. The judge ad hoc held that a criminal prosecution is a separate and distinct *125 "cause" from a civil damage suit arising out of the same facts, citing Ray v. Bird & Son, Inc., 323 So.2d 904 (La.App.2d Cir. 1975) and McNeill v. Continental Casualty Company, 244 So.2d 693 (La.App. 4th Cir. 1971), and that when Assistant District Attorney Stephens was consulted about evidence in the criminal prosecution he was not "consulted as an attorney in the cause" within the meaning of Article 151(2). The judge further held that Assistant District Attorney Stephens' acts were not "judicial acts" at all within the meaning of Article 151(3). The court further held that Judge Stephens was not "interested in the cause" in that he had no personal advantage to decide the civil case one way or the other. The judge ad hoc also held that there was no significance to the fact that plaintiff's attorney and Judge Stephens both served as assistant district attorneys at the same time, since neither took any part in the Rollo case, except the limited participation of Assistant District Attorney Stephens as previously described.
Defendants Clark, Estate of Anderson, and Louisiana Farm Bureau, but not Dison, applied for writs directed at the denial of their motion to recuse. While the application was pending, Louisiana Farm Bureau advised this court that the matter is moot as far as it is concerned since Judge Stephens, after the motion to recuse was denied in the district court, sustained its motion for summary judgment and dismissed it from the suit.
This court granted writs and issued a stay order. Relators-defendants make the following arguments:
(1) The trial judge was consulted as an attorney in the cause and was associated with an attorney during the latter's employment in the cause, constituting grounds for recusal under Article 151(2);
(2) The trial judge performed a judicial act in the cause in another court, constituting grounds for recusal under Article 151(3); and
(3) The trial judge is interested in the cause, constituting grounds for recusal under Article 151(5).
Respondent argues:
(1) The criminal prosecution in which the judge was consulted as an attorney or was associated with an attorney was a separate cause from the present civil suit;
(2) The acts of the trial judge as an attorney were not judicial acts;
(3) The trial judge has no interest or personal advantage to be gained in the case; and
(4) The motion to recuse was not timely filed.
The sole and exclusive grounds for recusation of a judge in a civil action are contained in LSA-C.C.P. Art. 151. Bias, prejudice, and impartiality are not statutory grounds for recusation in a civil case, as they are now in a criminal case. See LSA-C.Cr.P. Art. 671. See also and compare the perceptive concurring opinion of Judge Guidry in Southern Builders, Inc. v. Carla Charcoal, Inc., 357 So.2d 638 (La.App.3d Cir. 1978), writ ref. 358 So.2d 632 (La. 1978); and Art. 1, § 2, La.Const. 1974. There must be a statutory ground for recusing a judge. State v. Chantlain, 42 La.Ann. 718, 7 So. 669 (1890); Shreveport Long Leaf Lumber Co. v. Jones, 188 La. 519,177 So. 593 (1937); Southern Builders, Inc. v. Carla Charcoal, Inc., supra.
We first address relators' arguments which we find to be without merit.
The facts do not even remotely suggest that Judge Stephens is "interested in the cause" within the meaning of Article 151(5). Interpreting identical language in former LSA-R.S. 15:303 which set forth the grounds for recusation of judges in criminal actions, the Louisiana Supreme Court in State v. Pailet, 246 La. 483, 165 So.2d 294 (1964) held:
"For a judge to have an interest in a case within the meaning of the law, * * * some fact must exist that leads to the conclusion that it is to the judge's personal advantage, whether he would be influenced by such advantage or not, to decide the case or to seek to bring about a decision therein, for or against one of the *126 parties to it, without reference to the law and the evidence."
See also State v. LaBorde, 214 La. 644, 38 So.2d 371 (1948); State v. Morgan, 142 La. 755, 77 So. 588 (1918); State v. Phillips, 159 La. 903, 106 So. 375 (1925).
Here, there are no facts that indicate it would be to the judge's personal advantage, financially, professionally, or otherwise, to decide this case for or against any of the parties. Relators' argument in this respect is without merit.
The judge did not perform "a judicial act in the cause in another court" so as to constitute a ground for recusation under Article 151(3). As used in this subparagraph, judicial act means an act by a judge or court official. Ordinarily, this subparagraph would come into play where an appellate judge has performed a judicial act in a case while serving as a trial judge, and would thereby be recused from hearing the case on appeal. Obviously a judge should not review his own judicial acts, or a case in which he performed a judicial act even though that act may have been merely ministerial or a minor step in the proceeding. For an example of this situation see State, through the Department of Highways v. Centuries Memorial Park Association, Inc., 395 So.2d 1365 (La.1981), in which Chief Justice Dixon recused himself from participating in a case before the Supreme Court on application for writs because he had signed an expropriation order in the case while on temporary assignment in the district court where the case originated.
Neither Assistant District Attorney Stephens' actions in giving advice to law enforcement officers concerning the arrest of Dison on criminal charges nor his action in prosecuting Dison on the armed robbery charge amounted to judicial acts within the contemplation of Article 151(3).
Relators' final argument based on Art. 151(2) does have merit and mandates recusal of Judge Stephens.
The office of the district attorney, in which Judge Stephens served as first assistant for many years prior to his election as judge, served as counsel for the State adversely to the defendants in this case in criminal matters arising out of the same circumstances that give rise to this civil suit. Although Stephens' personal contact with the criminal proceedings was minimal, the legal office in which he held a high and responsible position handled the prosecution of the defendants from inception, through trial and even yet on pending appeal. Files in the district attorney's office were open and available to all assistants. Although each assistant had certain assigned responsibilities, there was cooperation and interchange of responsibility where necessary. The first assistant district attorney can no more be disassociated from the significant activities of the district attorney's office than can a partner in a law firm be disassociated from the activities of his firm. It has long been recognized that for purposes of determining conflicts of interest and other ethical matters, the work and clients of a law firm are the work and clients of all the partners and associates of the firm. See for example DR 5-105, Code of Professional Responsibility, Louisiana State Bar Association; Brasseaux v. Girouard, 214 So.2d 401 (La.App.3d Cir. 1968), writ ref. 253 La. 60, 216 So.2d 307 (1968).
Subparagraph (2) of Article 151 recognizes this principle when it makes the judge's association with an attorney during the latter's employment in the cause a ground for recusal.
Respondent argues, and the judge ad hoc held, that Stephens' employment or consultation and his association with an attorney during the latter's employment were not "in the cause" because this civil suit is a separate "cause" from the criminal prosecutions. The judge ad hoc in reaching this conclusion relied on this court's holding in Ray v. Bird & Son, Inc., supra, where we stated:
"... Additionally, the fact that the trial judge heard a traffic violation matter arising out of the same accident does not constitute the performance of a judicial act "in the cause" in another court. The traffic violation matter is a separate *127 and distinct "cause" from the civil damage suit...." (Emphasis supplied)
In the Ray case, which was a civil damage suit arising out of an automobile accident, a party sought by oral motion to recuse the judge under LSA-C.C.P. Art. 151(3) because he had heard a traffic violation charge arising out of the same accident. The primary holding of this court was that the motion was not properly presented because it was not in writing as required by LSA-C.C.P. Art. 154. The additional reason for affirming the denial of the motion quoted above was dictum. More careful consideration and research in the instant case reveals that the underlined statement made in the Ray opinion was an erroneous statement of the law.[2] "Cause" should not be so narrowly construed.
Subparagraph (2) deals with a judge's prior acts in the cause as an attorney, not as a judge. The acts of an attorney in his role as advocate are not impartial, but are partial to the client and adverse to the opposing party. One who acts as attorney for one party adverse to another party in a legal matter arising out of a given set of circumstances should not later sit as judge in a case involving either of the parties arising out of the same circumstances. The judge's previous partisan role as attorney could reasonably be viewed as affecting his impartiality in the case before him as a judge. The existence of the circumstances described in subparagraph (2) raises the appearance of bias, prejudice or impartiality. In State v. Lemelle, 353 So.2d 1312 (La. 1977), the Supreme Court held that LSA-C. Cr.P. Art. 671(3), which reads identically to LSA-C.C.P. Art. 151(2), required recusation of the trial judge who prior to becoming judge was appointed to represent a co-defendant jointly charged with the same offense as the defendant in the case before the judge, even though the judge did not even remember the prior appointment and representation. The court held:
"... The legislature, by providing for a mandatory recusal in this situation, has apparently concluded that the appearance of impartiality, as well as impartiality itself, outweighs the inconvenience caused by recusal of the trial judge ...."
Previous employment as an attorney in a matter arising out of the same circumstances and involving the same persons raises the same appearance of impartiality whether the employment was in the same case or in a related case. As used in subparagraph (2), "the cause" has a broader meaning than the particular case or legal proceeding before the judge in which a motion to recuse is filed. Lending support to this interpretation is the fact that the word "cause" is used instead of the words "case" or "action" which have a more restrictive meaning. The "cause" means the set of circumstances giving rise to the particular case or action.
The word "cause" has been changed to "case" in LSA-C.Cr.P. Art. 671(5), the criminal action counterpart to LSA-C.C.P. Art. 151(3). In discussing the calculated use of the words "cause" and "case", the official revision comment following LSA-C.Cr.P. Art. 671 accurately and correctly states:
"The words `cause' and `case' are advisedly used in this Title. The broader word `cause' embraces the entire situation, in both its civil and criminal implications. The word `case' is limited to the particular criminal prosecution at bar. `Cause' imports a judicial proceeding entire, and is nearly synonymous with lis in Latin, or suit in English. `Case' not infrequently has a more limited signification, importing a collection of facts, with the conclusion of law thereon.' Black's Law Dictionary 279 (4th Ed. 1951). Such a distinction is supported by the case of State v. Williams, supra." *128 State v. Perkins, 124 La. 947, 50 So. 805 (1909) held that Act 40 of 1880 which provided that a judge should be recused when consulted "as an advocate in the cause" was applicable and required recusation in a criminal proceeding where the judge was previously employed on the same matter in a civil proceeding. It follows that in a civil proceeding the judge should be recused if previously employed in the same matter in a criminal proceeding.
Where, as here, the judge was previously employed or consulted as an attorney or was associated with an attorney who was consulted or employed in connection with the same facts and circumstances that give rise to the action in which the motion to recuse is filed, grounds for recusal exist under Article 151(2). The consultation or employment was "in the cause" within the intent, purpose and meaning of the article. The article is particularly applicable here because the legal office with which the judge was associated actively and adversely to the defendants in this case sought to establish the same facts and circumstances as the basis for a criminal prosecution which plaintiff here seeks to establish as a basis for recovering damages from the defendants.
Neither the parties nor this court suggest the existence of the slightest degree of personal bias, prejudice, or impartiality by the honorable trial judge toward any party, or that the judge would not fairly and impartially try and decide this case. Our decision in this case rests on the express provisions of Article 151(2) which we find to be directly applicable to the circumstances presented here. Actual personal bias, prejudice, or impartiality is not an issue in this case.
The response with which the judge has favored this court points out that he has no personal desire to act as trial judge in this case or any personal objection to being recused, but is concerned primarily with any precedent that might be set which would preclude a judge, particularly in a district with only one judge, from hearing matters in which the judge has performed other judicial acts in his capacity as judge of the same court. The discussion above of subparagraph (3) of Article 151 should make it clear that there is no such restriction or prohibition.
Respondent argues that defendants waived any right to have the judge recused because the facts on which they rely were known to them and their counsel at the outset of the litigation, yet the motion to recuse was not filed until more than a year after the suit was filed and after several matters were submitted to and acted on by the judge without objection by the defendants. Respondent cites State v. Morgan, supra, in which the court recognized that in jurisdictions where bias or prejudice is a ground for recusation (which it was not in Louisiana at the time) it is generally held that an objection to a judge presiding in a case on the ground of bias or prejudice must be made before any issue is tendered for decision by him, or it will be considered waived, unless the facts on which the objection is based were not known until after the issue was submitted for a ruling.
LSA-C.C.P. Art. 154 provides that a written motion to recuse shall be filed "prior to trial or hearing" unless the parties discover the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered.
The motion to recuse in this case was filed before trial or hearing on the merits and was timely under Article 154. The dictum in State v. Morgan relating to the rule in other jurisdictions is not controlling or applicable to this proceeding which is governed by a specific provision of the Code of Civil Procedure.
For the reasons assigned, the judgment denying the motion to recuse is reversed and set aside. It is ordered that Judge John S. Stephens be recused in this case. The case is remanded to the Thirty-Ninth Judicial District Court for further proceedings before Judge John S. Pickett, Jr., judge ad hoc, as provided by LSA-C.C.P. Art. 157 and otherwise in accordance with law.
Reversed and rendered.
NOTES
[1] LSA-C.C.P. Art. 151:

"A judge of any court, trial or appellate, may be recused when he:
"(1) Is a material witness in the cause;
"(2) Has been employed or consulted as an attorney in the cause, or has been associated with an attorney during the latter's employment in the cause;
"(3) Has performed a judicial act in the cause in another court;
"(4) Is the spouse of a party, or of an attorney employed in the cause; or is related to a party, or to the spouse of a party, within the fourth degree; or is related to an attorney employed in the cause, or to the spouse of the attorney, within the second degree; or
"(5) Is interested in the cause.
"In any cause in which the state, or a political subdivision thereof, or a religious body or corporation is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, or is a member of the religious body or corporation, is not a ground for recusation."
[2] If an additional reason for denying the motion to recuse in the Ray case needed to be given, and here we again engage in dictum, the reason was that the judicial action was not performed "in another court." A district court is one court, not separate criminal and civil courts. State v. Williams, 229 La. 622, 625, 86 So.2d 403, 404 (1956). Subparagraph (3) deals only with judicial acts performed by the judge in the cause in another court, the necessary implication of which is that prior judicial acts of the judge in the cause in the same court are not grounds for recusation.