415 So.2d 231 (1982)
Gloria ROLLO, Individually and as Administratrix of the Estates of Charles Jefferson Rollo, III and Shelly Michele Rollo, Plaintiff-Appellant,
v.
Roosevelt DISON et al., Defendants-Appellants.
No. 14821.
Court of Appeal of Louisiana, Second Circuit.
April 5, 1982.
Rehearing Denied May 12, 1982.
*232 Richard N. Ware, Natchitoches, for plaintiff-appellant.
Thomas & Dunahoe, Gahagan & Gahagan by Fred S. Gahagan, Natchitoches, for defendant-appellant.
Brittain & Williams by Joseph Payne Williams, Natchitoches, for defendant-appellee.
Before HALL, FRED W. JONES, Jr., and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
In a suit for damages arising out of the alleged murder of her former husband and the father of her two minor children, plaintiff named as a defendant Louisiana Farm Bureau Mutual Insurance Company ("Farm Bureau Mutual"), which had issued a homeowner's insurance policy to R. C. Anderson, whose succession was also a defendant. Subsequently, the executrix of the Succession of Anderson filed an answer and a third party demand against Farm Bureau Mutual.
Farm Bureau Mutual filed motions for summary judgment directed both at plaintiff's petition and the third party demand, denying coverage under its policy. After judgments were rendered sustaining the motions for summary judgment, plaintiff and third party plaintiff appealed, asserting that (1) the district judge had no authority to grant the motions because a motion to recuse him had been filed, and (2) there existed a genuine issue as to a material fact.
Finding that the district judge had authority to act, that there was no genuine issue as to a material fact and the mover was entitled to judgment as a matter of law, we affirm.
Authority of District Judge to Act on Motions
A motion to recuse District Judge Stephens was filed on April 27, 1981 and was denied by the judge ad hoc on May 11, 1981. Judge Stephens held a hearing on the motions for summary judgment on May 15, 1981 and signed judgments sustaining the motions on May 18, 1981.
On May 19, 1981 this court granted writs to consider the correctness of the judgment denying the motion to recuse Judge Stephens and ordered a stay of proceedings in the trial court pending disposition of that matter. On June 25, 1981 we reversed the judgment denying recusal and ordered the recusal of Judge Stephens. Rollo v. Dison, 402 So.2d 122 (La.App. 2nd Cir. 1981).
Appellants argue that after the filing of the motion to recuse, Judge Stephens had *233 no authority to act in the case until that motion was finally disposed of by this court on June 25, 1981, citing as authority for this position Louisiana Code of Civil Procedure Art. 153.[1]
It is apparent from the recited chronology of actions taken in this case that between May 11, 1981 (judgment of judge ad hoc denying motion for recusal) and May 19, 1981 (our issuance of stay order), no motion to recuse the district judge was pending. Therefore, Judge Stephens had full authority to act in this case during this period, including the power to hold the hearing on the motions for summary judgment on May 15, 1981 and to sign the judgments sustaining the motions on May 18, 1981. This argument of appellants is without merit.
Correctness of Judgments Sustaining Motions for Summary Judgment
Plaintiff's petition contained the following pertinent allegations:

"Art. 5
"On the evening of April 15, 1979, Charles Jefferson Rollo, Jr. was shot and killed by the intentional act of Roosevelt Dison, defendant herein.

"Art. 6
"The said R. C. `Pat' Anderson, defendant herein conspired to have the said Charles Jefferson Rollo, Jr. killed and in fact paid sums of money believed to be $6,000 directly for the purpose of having the said Charles Jefferson Rollo, Jr. killed."

"Art. 9
"As a result of the unprovoked intentional acts of conspiracy to kill and the actual killing of Charles Jefferson Rollo, Jr., your petitioner and the minor children have suffered the damages set forth more particularly, but not exclusively, hereinafter."
The homeowner's insurance policy issued by Farm Bureau Mutual to R. C. Anderson, a copy of which was attached to the motions for summary judgment, specifically excluded coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the insured."
La.C.C.P. Art. 966 provides that summary judgments shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The district court minute entry for May 15, 1981 recites:
"The Motion for Summary Judgment by Louisiana Farm Bureau Insurance Company was first considered by the Court and the motion was granted."
We assume that in connection with his ruling the parties submitted for consideration by the trial judge only the pleadings and the homeowner's insurance policy attached to the motions for summary judgment.
Appellants argue that at the time of the hearing on the motions for summary judgment there existed a factual dispute as to whether the late R. C. Anderson intended or expected the death of Rollo. This was, of course, a factual dispute raised as a matter of defense by the Succession of Anderson in order to escape liability to plaintiff. However, for the purpose of the motions for summary judgment, the mover did not assert that factual dispute. On the contrary, it proceeded on the assumption that the allegations of plaintiff's petition with reference to the acts of R. C. Anderson were true and argued that, as a matter of law, even if those allegations were proven, its insurance policy did not provide coverage. Consequently, the trial judge correctly found that there was no genuine issue as to a material fact as between the mover on one hand and the plaintiff and third party *234 plaintiff on the other hand. The remaining question is whether, assuming proof of the alleged facts with reference to Anderson at the trial on the merits, would plaintiff be entitled to judgment against Farm Bureau Mutual under its policy as a matter of law?
Plaintiff seeks civil damages from the Succession of Anderson for an alleged act of criminal conspiracy, which is defined in La.R.S. 14:26 as "the agreement or combination of two or more persons for the specific purpose of committing any crime." With its express exclusion of coverage for an intentional act, the homeowner's insurance policy in question obviously does not provide coverage for damages resulting from an insured's act of criminal conspiracy.
Appellants argue, however, that under the allegations of plaintiff's petition, Anderson might have been held vicariously liable by the trier of fact, in which case the homeowner's insurance policy would have provided coverage.
La.C.C. Art. 2324 provides:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
As pointed out in Miller v. Keating, 339 So.2d 40 (La.App. 3rd Cir. 1976):
"The words `assists' and `encourages,' as used in Article 2324 of the Civil Code, contemplate acts performed pursuant to a conspiracy which cause injury or damage. (citations omitted)
"If a conspiracy is conceived and executed and a private injury results, the person injured has a cause of action against all of the conspirators. The action is for damages caused by acts committed pursuant to a formed conspiracy, and all of the conspirators will be regarded as having assisted or encouraged in the performance of these acts.
"We conclude, therefore, that defendant Guillet assisted or encouraged in the commission of the battery on plaintiff Miller, and that he is answerable, in solido, with the other defendants for the damage caused by that act."
If the allegations of plaintiff's petition relating to a conspiracy on the part of Anderson were proven, his succession would be solidarily liable to plaintiff because of Anderson's intentional acts rather than vicariously liable because of Anderson's relationship with the other defendants. Therefore, this argument of appellants also is without merit.
To summarize with reference to the motions for summary judgment, there was no genuine issue as to a material fact and mover was entitled to judgment as a matter of law. For these reasons we affirm the judgments of the district court sustaining the motions for summary judgment, at appellants' cost.
NOTES
[1] "Until a judge has recused himself, or a motion for his recusation has been filed, he has full power and authority to act in the cause."