BERNARD N. MARCANTEL, Judge Pro Tem.
The issue presented by this appeal is whether the trial court erred in rendering a judgment sanctioning plaintiff pursuant to La.C.C.P. art. 863.
On May 11, 1990, a motion for a devolu-tive appeal from a judgment which taxed court costs was signed by the trial judge. Thereafter, on that same day, Carol Lynn Bertrand Veillon (hereinafter plaintiff) filed a motion to quash, a motion for recusal, a motion to strike and quash, a declinatory exception of lack of jurisdiction, a dilatory exception of prematurity, and a peremptory exception of no cause of action, all of which dealt with a motion to examine judgment debtor that had been filed by the clerk of court on April 26, 1990. The trial judge denied all of these motions as frivolous and also found that the motion to recuse did not factually articulate grounds for recusal.
A sanction hearing was set for June 29, 1990. A formal written judgment was signed on January 24, 1991, ordering plaintiff to pay a fine of $500.00 into the treasury of St. Landry Parish and perform 100 hours of community service. It is from this judgment that plaintiff has appealed, contending the trial court erred: (1) in rendering a judgment sanctioning plaintiff to pay a fine of $500.00 into the treasury of St. Landry Parish and perform 100 hours of community service; (2) when the trial judge did not recuse himself, after valid motions for his recusal had been filed; and (3) in not divesting itself of jurisdiction concerning matters which were on appeal, namely, the motions to recuse Judge Robert Brinkman. We affirm.[1]
MOTIONS TO RECUSE
Plaintiff claims that an appeal on the motion to recuse Judge Brinkman was pending before this court and, therefore, Judge Brinkman did not have jurisdiction to proceed and hear any matters before the trial court.
La.C.C.P. art. 2088 states:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the ease of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, ...”
The article then proceeds to illustrate instances in which the trial court retains jurisdiction.
In the present case, plaintiff had appealed the denial of her motions to recuse. No motions to recuse were pending since they had been denied by the trial court. Absent a stay order from this court, Judge Brink-man still had full authority to act. Rollo v. Dison, 415 So.2d 231 (La.App. 2 Cir.1982), writ den., 418 So.2d 1350 (La.1982).
Once Judge Brinkman denied these motions as frivolous, the matter of sanctions for frivolous pleadings was a new issue. The trial court is divested of jurisdiction over the case, when an appeal is taken, *217 only with respect to those matters which are reviewable under appeal. Welch v. Crown-Zellerbach Corp., 365 So.2d 586 (La.App. 1 Cir.1978), appeal after remand, 393 So.2d 270 (La.App. 1 Cir.1980). The judgment which granted a divorce and the judgment taxing court costs were the judgments reviewable on appeal. The issue of sanctions for frivolous pleadings was not being reviewed on appeal and, therefore, the trial court had jurisdiction to decide the issue of sanctions.
SANCTIONS
Plaintiff claims that the trial court erred in rendering a judgment sanctioning her to pay a fine of $500.00 into the treasury of St. Landry Parish and perform 100 hours of community service.
La.C.C.P. art. 863 provides in pertinent part:
“A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.”
A hearing for sanctions was held on June 19,1990. Plaintiff was present at the hearing without the presence of her attorney. At the hearing, the trial judgé found that the pleadings filed by plaintiff and her attorney were frivolous. Thereafter, the trial judge imposed a fine of $500.00 to be paid into the general treasury of the St. Landry Parish Police Jury and ordered plaintiff to perform 100 hours of community service.
By this appeal, plaintiff claims that these pleadings were not frivolous and, therefore, sanctions were not appropriate under La.C.C.P. art. 863.
The factors for determining whether a reasonable “legal” inquiry was made include the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of the litigant; and the complexity of the legal and factual issues raised. Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 873-874 (5th Cir.1988); Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2 Cir.1990), on rehearing. Considering these factors, we agree with the trial judge that the pleadings filed by plaintiff were frivolous under La.C.C.P. art. 863.
The pleadings filed by plaintiff attacked a motion to examine judgment debtor filed by the clerk of court, which was set for May 11, 1990. One of the pleadings filed by plaintiff was a motion to quash. By this motion, plaintiff sought to have the motion to examine judgment debtor, scheduled for May 11, 1990, canceled and quashed since no valid judgment taxing costs had been signed prior to the filing of *218 the motion to examine judgment debtor on April 26, 1990. After an examination of the record, we find that the judgment, granting Ronald Veillon a divorce and denying plaintiffs claim for alimony which was signed on May 17, 1989, did tax court costs. The judgment clearly ordered each party to pay for the costs they precipitated. Therefore, this motion to quash was frivolous.
Plaintiff also filed a motion to strike an affidavit of court costs due filed by the clerk of court in the mortgage records. La.C.C.P. art. 5186 states that a clerk of court is permitted to file an affidavit in the mortgage records when a judgment is rendered against the indigent plaintiff and she is condemned to pay court costs. Plaintiff proceeded as a pauper in this case. Since we have found that there was a judgment rendered against plaintiff and, by this judgment, she is liable for costs, La.C.C.P. art. 5186 permits the clerk of court to file this affidavit and, therefore, this pleading was also frivolous. The filing of this affidavit on or about March 1, 1990 also had the effect of a judgment for the payment of money. This was also prior to the filing of the motion to examine judgment debtor filed on April 26, 1990.
Plaintiff also filed several exceptions which consisted of the declinatory exceptions of lack of jurisdiction of the court and lack of in personam jurisdiction over the plaintiff; the dilatory exceptions which consisted of prematurity, lack of procedural capacity, unauthorized use of summary proceedings, lack of service of process, the peremptory exceptions of no cause of action, and nonjoinder of an indispensable party.
Plaintiff filed the declinatory exception for lack of jurisdiction claiming that Judge Brinkman had no jurisdiction to hear this matter since there were pending recusal motions. We have previously found that, absent a stay order, there were no pending recusal motions and Judge Brinkman had full authority to continue to act in this case.
Plaintiff also filed other exceptions claiming that no valid judgment had been rendered. However, since there was a valid judgment taxing court costs prior to the filing of the motion to examine judgment debtor, this pleading of exceptions was also frivolous.
Plaintiff also filed a motion to re-cuse Judge Brinkman, claiming that Judge Brinkman had become an adversary for the clerk of court by setting a rule to tax court costs. We find that La.C.C.P. art. 1920 clearly allows the trial court to render a judgment for costs without a rule to show cause, and, therefore, the trial judge may award costs on his own motion. We find that this motion was also frivolous.
We must next determine whether the trial judge imposed an appropriate sanction against plaintiff. The “abuse of discretion” standard of review applies to the trial court’s finding that a violation has occurred and to its determination of the amount and type of sanction imposed. Thomas, supra; Diesel Driving Academy, Inc., supra.
We find that it was an abuse of discretion by the trial judge to cast plaintiff with both a fine of $500.00 and to order her to perform 100 hours of community service. We find that the fine of $500.00 was an appropriate sanction in this case and amend the judgment to only cast plaintiff with a $500.00 fine payable to the St. Landry Parish Police Jury.
For the reasons assigned, the trial court judgment is affirmed insofar as it sanctions plaintiff for filing frivolous pleadings and casts her with a fine of $500.00. The judgment of the trial court is reversed as to the penalty ordering plaintiff to perform 100 hours of community service.
Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED IN PART; REVERSED IN PART; RENDERED.

. Several appeals and writ applications have been filed with this court in this case. In one of the appeals, plaintiff appealed the judgment of the trial court which granted her husband, Ronald Veillon, a divorce on the grounds of living separate and apart for a year, without reconciliation, and denied her prayer for temporary and permanent alimony. Court of Appeal Number 90-172. In that appeal, plaintiff claimed, among other things, that the trial court erred in denying her two motions for recusal. This court affirmed the trial court on October 2, 1991. 587 So.2d 221. Plaintiff also appealed a judgment taxing court costs. Court of Appeal Number 90-799. No briefs were timely filed in that appeal, and the appeal was considered abandoned.